[Civ. No. 524. First Appellate District.—December 2, 1908.]

# A. ARONSON and V. MENESINI, Respondents, v. FRANK- FORT ACCIDENT AND PLATE GLASS INSUR- ANCE COMPANY, a Corporation, Appellant.

ACCIDENT INSURANCE — ELEVATOR ACCIDENTS — NOTICES REQUIRED—
RIGHTS OF INSURANCE COMPANY—COSTS OF DEFENSE NOT RECOV-
ERABLE.—When a policy of accident insurance given to the owners
of an elevator, insuring them against liability for accidents in its
operation to persons injured thereby, by its terms required imme-
diate written notice of any accident from which a claim may arise,
and further notice of any action by any claimant for injuries
sustained, and gave the insurance company the right to settle any
claim, and to defend at its own costs any action to enforce the
same, the insured owners cannot, in the absence of such notices,
recover from the insurance company the costs of defending any
action brought against them to recover damages.

ID.—IMMEDIATE WRITTEN NOTICE OF ACCIDENT ESSENTIAL.—The very
moment when an accident occurred in the operation of an ele-
vator, by which injuries were inflicted upon a passenger, the event
had taken place which made immediate written notice of the acci-
dent to the accident insurance company essential. The parties
had the right to stipulate for such notice, and the insurance com-
pany had the right to rely thereupon, and to seek an immediate
settlement of the claim for injuries sustained.

ID.—TWO NOTICES ESSENTIAL, WHEN SUIT IS DELAYED.—When suit
is not immediately brought upon the claims, there must, in addi-
tion to the written notice of the accident, be a second notice im-
mediately given of the commencement of the action, which is not
by the terms of the policy required to be in writing. The written
notice of a suit brought nine months after the accident cannot
constitute or dispense with the requirement of immediate written
notice of the accident.

ID.—ORAL NOTICE OF ACCIDENT—ABSENCE OF OBJECTION TO WRITING—
WAIVER NOT PLEADED—EVIDENCE INADMISSIBLE.—When the plain-
tiffs rely upon an immediate oral notice of the accident, and the
absence of any objection that the notice was not in writing as con-
stituting a waiver of written notice, he must have pleaded such
waiver, and when plaintiffs neither pleaded the waiver nor asked
leave to amend by pleading the same, evidence thereof was in-
admissible under the pleadings.

ID.—WAIVER NOT PROVED—ORAL NOTICE BY INSURANCE AGENT.—When
the only oral notice of the accident given to the insurance com-
pany consisted of a voluntary statement made thereto by their

own agent who effected for them the accident insurance, without in any manner representing the insured owners of the elevator, as their agent, in making the statement, the same cannot constitute, nor evidence any waiver of the written notice of the accident by them.

ID.—NATURE OF WAIVER—BURDEN OF PROOF NOT SUSTAINED.—A waiver in law is the intentional relinquishment of a known right; and the burden is upon the party relying thereupon to prove such waiver by evidence which does not leave the matter doubtful or uncertain. *Held,* that the evidence does not show any condition of facts inconsistent with the right or intention of the defendant to claim the written notice required by the terms of the policy from the plaintiffs.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

C. H. Wilson, and Henry E. Monroe, for Appellant.

M. S. Eisner, and Wolff & Hollzer, for Respondents.

COOPER, P. J.—This action was brought to recover the costs of defending a certain damage suit instituted by one Lyon against the plaintiffs, it being claimed that defendant is liable under the terms of an elevator liability policy of insurance issued by defendant to plaintiffs. At the close of plaintiffs' evidence the defendant moved for a nonsuit, which was denied, and the jury returned a verdict for the plaintiffs, upon which judgment was duly entered. This appeal is from the judgment, for the purpose of reviewing the order of the court denying the motion of defendant for a nonsuit.

It appears from the record that on the eleventh day of October, 1898, while said Lyon was a passenger in the elevator owned and operated by plaintiffs, an accident occurred, which caused certain physical injuries to said Lyon. On the eleventh day of May, 1899, said Lyon commenced an action against the plaintiffs in the present controversy for the purpose of recovering damages on account of said injuries, claiming that the accident occurred by reason of the negligence of the plaintiffs herein in operating said elevator. The provisions of the policy upon which this action is based, so far as material to the questions necessary to be discussed, are as follows: "It is furthermore agreed and understood that upon

the occurrence of an accident to any person in regard to which a claim may arise, notice in writing shall be immediately given by the assured to the managers for the United States of the company, or their duly authorized state agent, containing the fullest information available, and to be made out if possible upon the blanks provided by the company for this purpose. It is further agreed and understood that the company, on receiving notice from the assured of any accident or claim, may take upon itself the settlement of the same, in which case the assured shall give all necessary assistance and information. . . . It is furthermore agreed and understood that if any legal proceedings are taken to enforce a claim against the insured the company shall be at once notified thereof, and the company shall have absolute conduct and control of defending such action at its own cost and expense, in the name and on behalf of the assured. . . . The terms and conditions of this policy cannot be changed except by the managers for the United States at San Francisco, California; and all alterations, waivers and assignments shall be absolutely void unless they are indorsed upon the policy, and approved and signed by the said managers for the United States."

The plaintiffs did not give a notice of the accident in writing immediately, nor within a reasonable time after it occurred, nor until the action was commenced against them by Lyon nearly nine months thereafter. The main question, then, is as to whether it was necessary for the plaintiffs to have notified defendant in writing immediately upon the occurring of the accident, or within a reasonable time thereafter, in order to hold it liable upon its policy. We are of opinion that such is the plain reading of the policy. It was therein provided that "upon the occurrence of an accident to any person, in regard to which a claim may arise, notice in writing shall be immediately given by the assured. . . ." The very moment the accident occurred and the injuries were inflicted upon Lyon the event had taken place which entitled the defendant to immediate notice. It was so stipulated in the policy, and the stipulation was one which the parties had the right to make, and upon which the defendant had the right to rely. In order to hold the defendant liable it was necessary that the plaintiffs should have done the thing which they agreed to do, by giving the written notice when the

accident occurred. It was of the utmost importance to de-fendant to be immediately notified of the accident for the reason that, by the terms of the policy and upon such notice, it would become liable (if a liability existed) and the real party in interest. While the facts were fresh in the memory of witnesses, before they had been seen and *ex parte* statements taken in favor of the injured party, before there may have been inducements held out to them, it was the right of the defendant to have been notified and put upon its guard if the assured desired to hold it liable. If notified immediately, the defendant might have settled for a small sum if upon investigation it found that it was liable.

Plaintiffs' counsel contend in their brief that under the policy sued upon "notice need be given of only those accidents in regard to which a claim arises, that the policy calls for but one notice of the accident and consequent claim, and that therefore no notice is required until a claim actually arises from an accident." The argument of plaintiffs is that the claim did not arise until suit was brought upon it, for the reason that the policy further provides that the company "on receiving notice from the assured of any accident or claim may take upon itself the settlement of the same," and that the word "claim" has a different meaning from the word "accident," and must refer to a claim upon which suit is brought. This argument does not have even the merit of being plausible. The word "immediately" refers to the "occurrence of the accident," and the words "in regard to which a claim may arise" mean any accident that may be the foundation of a claim against the insurer. If the accident, at the very moment it occurs, is such a one that a claim may arise from and by reason of such accident, the defendant was entitled to immediate notice. It is evident that the parties, when they used the words "in regard to which a claim may arise" had in contemplation the provisions of the policy as to accidents in regard to which a claim could not arise. For instance, those happening directly or indirectly from boiler explosions; those happening under conditions which would not impose upon the insured by common or statutory law a liability; and those happening while the elevator was being attended or operated by any female, or by any male under fifteen years of age, which are expressly excepted by the terms of the policy. The first clause of the policy is followed by

the provision that the insurer, upon receiving notice from the insured of any accident or claim, may take upon itself the settlement of the same. The accident referred to is the event by which a party is injured—that is, the time, place and facts of the transaction. The claim refers to a demand made by the injured party upon the owner of the elevator for money or redress in some manner for injuries. After the two clauses, the first referring to a notice in writing of the accident, and the second to a notice of the accident or claim and the right of the insurer to settle the same with the assistance of the assured, we find the independent and separate clause that if legal proceedings are taken to enforce a claim "the company shall be at once notified thereof, and the company shall have absolute conduct and control of defending such action at its own cost and expense in the name and on behalf of the assured." The notice as to legal proceedings need not be in writing, but in this case such notice was given in writing after the suit had been commenced by Lyon. The notice of the accident must have been in writing, but no such notice was given. In other words, the notice which is expressly required to be given in writing is claimed by plaintiffs to have been given orally; and the notice which might have been given orally was in fact given in writing. The policy evidently contemplates two notices unless the legal proceedings are commenced immediately—that is, within a reasonable time or very soon after the accident, in which case one notice in writing would be sufficient. Here we cannot hold that a notice given nine months after the accident was a notice given immediately.

In *Foster* v. *Fidelity and Casualty Co. of New York,* 99 Wis. 447, [75 N. W. 69], the policy provided that "Immediate written notice must be given said company at New York City of any accident and injury for which a claim is to be made, with full particulars thereof, and full name and address of the insured." The accident took place between the first and the fifth days of September, 1895, and the assured died on the 5th of September of the same year. Notice was not given until October 16th of the same year, and it was held not to have been in time. The court said: "A notice given after the lapse of such length of time, with knowledge of the facts, cannot be held immediate notice. The decisions to this effect are numerous and well-nigh unanimous. (Nib-

lack on Benefit Societies and Accident Insurance Companies, sec. 416.) It was argued that the requirement of notice applied only to accidents or injuries not resulting in death, but we think the plain words of the policy cannot be so construed. The provision is that immediate notice must be given of 'any accident or injury for which a claim is to be made.' An accident resulting in death is certainly as much one for which a claim is to be made as one resulting simply in disablement, and the necessity of a notice is certainly fully as great, if not greater. . . . Under the proofs before us we hold, as matter of law, that the notice given was not an immediate notice.''

In *Deer-Trail etc. Mining Co.* v. *Maryland Casualty Co.*, 36 Wash. 46, [78 Pac. 135], the policy provided that in case of an accident the assured ''shall give immediate notice thereof in writing with the full particulars to the home office of the company at Baltimore, Md.'' The accident occurred on May 19, 1900, and notice was not sent until January 21, 1901; and it was held insufficient. The court, after referring to the rule that immediate notice in policies of the kind before the court means notice within a reasonable time, said: ''Eight months had already expired since the accident without any reasonable excuse for not complying with the terms of the policy. It was too late on January 21st to give the notice. The respondents were then in default.'' (See, further, *Travelers' Ins. Co.* v. *Myers & Co.*, 62 Ohio St. 529, [57 N. E. 458]; *Railway Passage Ins. Co.* v. *Burwell*, 44 Ind. 460; *Smith etc. Mfg. Co.* v. *Travelers' Ins. Co.*, 171 Mass. 357, [50 N. E. 516]; *Bastian* v. *British-American Ins. Co.*, 143 Cal. 287, [77 Pac. 63].)

Plaintiffs contend that the defendant was notified orally, and that it waived a notice in writing by making no objection to such oral notice. The plaintiffs, in effect, allege that they gave notice in writing, because they allege that they had duly performed all the conditions of the policy on their part, and they did not attempt to allege any waiver of notice by the defendant. The defendant denied that the plaintiffs had performed all the conditions of the policy on their part, and further expressly alleged that plaintiffs never gave any notice in writing of the occurring of the accident. The issue was thus distinctly made as to whether or not the plaintiffs performed the condition of the policy to immediately notify the

defendant in writing. The evidence as to a waiver of the notice in writing was objected to by defendant as being irrelevant and immaterial, and when it had been received the defendant moved to strike it out upon the ground that it was "incompetent under the pleadings."

The evidence was clearly not admissible under the pleadings. The plaintiffs did not ask to amend. They should not have been allowed to allege one thing and prove another and different thing. The rule is that when a party relies upon the waiver of the performance of an act, upon which his right of action depends, such waiver must be specially pleaded. (*Jerome* v. *Stebbins,* 14 Cal. 457; *Daley* v. *Russ,* 86 Cal. 114, [24 Pac. 867]; *Gillon* v. *Northern etc. Co.,* 127 Cal. 480, [59 Pac. 901]; *Rogers* v. *Kimball,* 121 Cal. 247, [53 Pac. 648]; *Gillett* v. *Burlington Ins. Co.,* 53 Kan. 108, [36 Pac. 52]; *Dwelling-house Ins. Co.* v. *Johnson,* 47 Kan. 1, [27 Pac. 100]; May on Insurance, sec. 589.)

Not only this, but it appears plain to us that the evidence does not show any waiver by the company of the provision requiring immediate notice in writing of an accident. The judge of the trial court did not place his ruling in denying the nonsuit upon any such ground, but held in effect that the policy does not provide for notice until suit is commenced.

In support of their claim of a waiver the plaintiffs called one Gruman, who had some time before acted as agent in soliciting the policy of insurance, for the purpose of proving verbal notice of such facts as would in law constitute a waiver. Gruman testified that after he read of the elevator accident, without seeing the plaintiffs who were out of the city, or either of them, and not pretending to be the agent either of plaintiffs or defendant, he went to the office of the defendant company on behalf of the plaintiffs, and called the attention of a young man, whose name he believes to be Hodgkin, to the accident. The language of the witness is: "I told him that a lady had been injured at the Hotel Savoy, and I asked him if he had noticed it in the paper. I told him that I had, and he said they would attend to it or that he would attend to it. Q. Did you tell him for whom you came there? A. No, I didn't tell him for whom, but I presumed that he knew that I placed the insurance, and I simply called his attention to the accident so that they would take charge of it. Q. What did you say about the policy on that occasion? A. I didn't

say anything about the policy, but I thought I would notify him about the accident that took place; that was my intention.''

The substance of the evidence of Gruman is that, without any request from plaintiffs, and of his own volition, after reading of the accident in the newspaper, he went to the office of the company, and told a young man at one of the desks that he had read in the papers about an accident at the Hotel Savoy, and the young man replied that they would attend to it or that he would attend to it; that the policy was not mentioned; the names of plaintiffs were not mentioned; nothing was said about any notice or waiver of notice, and no promise of any kind was made; that the witness afterward told plaintiff Aronson what he had done, and that Aronson replied he thought witness had done right. Hodgkin was called on behalf of defendant, and testified that Gruman never came to the office, or told or notified him in any manner as to the accident, and that the records of the accident department of the office did not show that any notice or report of the accident was received prior to June 17, 1899.

For the purpose of passing upon the motion for a nonsuit we must concede the testimony of Gruman to be true, and still it does not show any waiver. The agent of the company was merely told of an accident that had occurred in the Hotel Savoy. He was not spoken to about the policy, nor were the names of either of the plaintiffs mentioned, nor was notice mentioned or referred to in any manner. The reply of the agent to the effect that he would attend to it, conceding that it meant the policy of plaintiffs and the accident occurring on the elevator on which the policy was issued, could mean no more than that the defendant would do what the law required of it upon being properly notified. He did not undertake to attend to anything for plaintiffs, nor did he state that notice would not be required. He did not mislead the plaintiffs, nor induce them to change their condition, nor promise to do anything for them. A waiver in law is the intentional relinquishment of a known right; and the burden is upon the party claiming such waiver to prove it by such evidence as does not leave the matter doubtful or uncertain. In order to hold that the defendant waived the written notice in this case, it must have done something inconsistent with its intention to claim such notice, and which operated to mislead the

plaintiffs, and which would in law justify them in omitting to give the notice. The evidence does not show such condition of facts. When plaintiff Aronson returned home, and was told by Gruman that he had informed defendant of the accident, he did not inquire as to whether a notice of the accident had been waived, nor did he take any steps whatever to give notice. He did not even speak to defendant's agents about the matter, nor go to see them. The defendant had the right to remain silent. It had the right to rely upon the written notice as a condition of its liability.

The judgment is reversed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 28, 1909.