[No. 5515.]

BARCLAY ET AL. v. THE LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED.

1. **Accident Insurance—Construction of Policy** — The rule that every policy of insurance is to be interpreted favorably to the assured does not authorize the court to supplant the contract of the parties by one of its own making. The condition of a policy of accident insurance that "upon the occurrence of an accident, and also upon receipt of notice of any claim on account of an accident, the assured shall give immediate notice in writing of such accident or claim, with the fullest information available," to the insurer, is a condition precedent. Without such notice or notices, or a legal excuse for the failure to give it, the insurer cannot be charged.—(564)

The failure may, however, be explained.—(564)

The phrase "immediate notice," means within a reasonable time. The insured may take a reasonable time to procure such information as the requirement contemplates shall be furnished.—(565)

2. **Pleading and Evidence—Variance—Waiver** of the conditions of an insurance policy cannot be proven under an averment of performance.—(568)

3. **Insurance—Waiver of Conditions**—That the agent of an insurance company, after rightfully repudiating the claim of the insured, on account of his failure to give notice as required by the policy, made an examination of the circumstances attending the alleged accident, was not a waiver of the notice.—(569)

*Error to Denver District Court*—Hon. JOHN I. MULLINS, Judge.

Mr. HUGH BUTLER, for plaintiff in error.

Mr. CHARLES W. WATERMAN, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

The plaintiffs in error were trustees for the owners, and in possession of the Windsor hotel in the city of Denver. The building was supplied with an elevator to carry passengers from one floor to another. May 9, 1896, the defendant in error, for a valuable consideration, issued and delivered to the plaintiffs, a certain policy of casualty insurance, insuring them against all liability for damages not exceeding a designated sum, "on account of fatal or nonfatal injuries sustained by any person or persons, other than the assured, in the elevator, or in the elevator well or hatchway, or while entering upon or alighting from the car connected with the elevator." The policy was made "subject to the agreements and conditions indorsed hereon under which this policy is issued and accepted." Among which were the following, to wit: "Upon the occurrence of an accident, and also upon receipt of notice of any claim on account of an accident, the assured shall give immediate notice in writing of such accident or claim, with the fullest information available, to the general

manager of the company for the United States of
America, in the .city of Chicago, Illinois, or to the
agent, if any, provided he is still acting for the com-
pany, who shall have countersigned this policy.    The
assured shall, from time to time, and at all times,
furnish such additional information in relation to the
accident as the company may require.    *    *    *    The
terms and conditions of this policy cannot be altered
or waived by agent, and no alteration shall be valid
unless indorsed upon the policy by the general man-
ager of the company for the United States of Amer-
ica.''

March 12, 1897, while the policy was still in
force, one Eva L. Smails, a guest of the hotel, was
injured in the elevator.    The plaintiffs were resi-
dents of London, England, and it appears one Gil-
more was their general agent in Denver, but at the
time of the injury one Wiggin was the active and
immediate manager of the hotel.    Within ten or fif-
teen minutes after the accident Wiggin was advised
thereof, and had a conversation with the injured
person, who did not, however, at that time, make a
claim for damages on account of the accident, but
rather took the blame therefor upon herself.    Wig-
gin saw the injured person every day, and within two
weeks or a month was advised that she intended to
claim damages for the injury.    He immediately noti-
fied Gilmore of such claim, having also notified him
of the accident at the time it happened.

Neither plaintiffs nor their agents at any time
gave notice in writing of the accident to the defend-
ant at Chicago, or to Thomas F. Daly, the agent who
countersigned the policy, nor was any written notice
given either to the defendant or to Daly of the claim
for damages.

June 12th, following the accident, some one from
the hotel telephoned to the office of Daly to the effect

that the accident or injury had occurred. Daly thereupon visited the hotel and, after some conversation as to the facts of the accident, notified the manager of the hotel that "the notice was late and the company would not accept liability at that time." An attorney, at the request of Daly, on said date, or very soon thereafter, took written statements of the manager of the hotel, and others as to the accident. Daly, thereafter in July, had some conversation with Mr. Gilmore about the accident, and on the 30th of that month wrote the plaintiffs that the notice of the accident could not be accepted "as the conditions of the policy were entirely ignored and the notice not sent in for nearly three months after the occurrence of the accident."

The plaintiffs explained that they were led to believe, by the statements of the party injured to the manager of the hotel, that the trustees were in no wise to blame for the accident, and that "there would be no claim for damages and, of course, no suit."

Mrs. Smails, however, within two weeks or a month, claimed damages, notified plaintiffs, and on September 17, 1896, instituted suit against the plaintiffs here and recovered judgment for damages on account of the injury sustained by her in said accident. Upon the commencement of that suit, the defendant here was notified and requested to take charge and defend, which it had a right to do under the terms of said policy, but declined so to do, though some negotiations were had relative to an arrangement by which it could defend without waiving any of its rights to deny liability under the policy of insurance. The judgment for damages was against Barclay only, his co-trustee not having been served with process. Each of said trustees, however, paid one-half of the judgment, and thereafter instituted this suit to recover the sum designated in the policy,

36

which was less than the amount of the judgment paid. The trial was to the court without a jury, resulting in a judgment for the defendant, from which this suit is prosecuted.

The defendant contends that the express language of the policy requires immediate written notice to be given it whenever any accident occurs within the terms of the policy, and another such notice whenever a claim is made for damages based upon injuries sustained in such accident; that plaintiffs, having failed to give the required notices, or either of them, the defendant is released and exonerated from liability under the policy.

The plaintiffs, however, in argument assert that a reasonable construction of the policy did not require the giving of notice or notices, unless the circumstances of the accident suggested that some claim for damages might be made against them; that so long as they did not apprehend, or have reason to apprehend that such claim would be made, it was not necessary to notify the defendant; and that as soon as this latter event happened in the case at bar, the defendant was verbally advised of the accident and claim, and by its actions and conduct waived the written notices required.

The rights involved in this litigation are contractual and are measured by the terms and conditions of the policy, which must be given a "reasonable and natural construction." It is equally true, as argued by counsel, that in cases of ambiguity or uncertainty in the clauses in a policy of insurance which limit or exempt the insurance company from liability, that construction most favorable to the assured, consistent with the terms of the policy, must be adopted.—*American Surety Company v. Pauly,* 170 U. S. 144. These rules are sound and should always be applied, but no court should, or can, prop-

erly, take from the parties the inherent right to contract as they will, and make a contract for them as *they* might have made, in the light of subsequent events.

Counsel say that if a person be injured apparently by his own negligence, on premises owned by another, protected by an insurance policy, the assured has no knowledge or even grounds for suspicion that the party injured will make any claim against him for damages; and that such a circumstance or happening does not really become an accident within the meaning of the policy, until the assured is notified, or in some way acquires knowledge, that damages will be claimed.

Were we to accept this reasoning and interpretation of the policy, which we do not wish to be understood as doing, it would not avail the plaintiffs, as they did not bring themselves within the supposed rule. They knew through their special agent, the active manager of the hotel, and their general agent, Gilmore, of the accident immediately after its occurrence, and within two weeks or a month they likewise knew that the injured person claimed damages and intended to hold plaintiffs therefor, yet no notice of any kind was given defendant until, at least, two months thereafter, and then simply a telephone message that the accident had occurred. Clearly the plaintiffs are not within the terms of the supposed rule which they seek to invoke. Therefore, we need not, and do not, determine whether a reasonable construction of the policy did, or did not, require the giving of notice or notices, unless the circumstances of the accident suggested that some claim for damages might be made, or the plaintiffs apprehended, or had reason to apprehend, that such claim would be made. Not only did the circumstances of the accident suggest that some claim for damages might

be made, but the party injured was, within two weeks or a month thereafter, actually asserting that she intended to claim damages. The plain and unequivocal requirements of the contract are that ''upon the occurrence of an accident, and also upon receipt of notice of any claim on account of an accident, the assured shall give immediate notice in writing of such accident or claim with the fullest information available,'' to the defendant. These conditions are as much a part of the contract as any other portion thereof. The plaintiffs voluntarily entered into the contract, with these conditions therein, and thereby made themselves subject to such conditions. Their stipulation in regard to immediate notice was a condition with which they must comply in order to bring the defendant under its obligations. Their right to indemnity flowed from this instrument. It was an executory contract, and failure to comply with the conditions as to notice was a failure to complete the contract. We are not announcing the rule, that under no circumstances could the written notice or notices be dispensed with, or the party assured be excused from giving the same. On the contrary, we think where sufficient explanation of the failure to give the required notice appears in the record, the contract may nevertheless be enforced. The case of *U. S. Casualty Company v. Hanson*, 20 Col. App. 393, is an example of this rule. Such a case, however, is entirely different from the one at bar. We confine our decision to the case presented in this record. Here the failure to give the required notice, or notices, during the period after the happening of the accident and the acquirement of knowledge, by plaintiffs of a claim for damages therefor, and the communication of such facts, even though verbally, to the defendant, is wholly unexplained.

We are of the opinion that by the language of

the contract, an immediate notice of the accident and also notice of claim for damages as stipulated for, are conditions precedent to the liability of the defendant, and without such notice or notices, or a legal excuse for the failure to give the same, the defendant cannot be held. In the case of *L. G. & A. Co., Ltd., v. Siwy*, 35 Ind. App. 340, the identical form of policy here in suit came under review, and it was there held that the requirement in the policy that the assured give immediate notice in writing of any claim on account of an accident is a condition precedent to the insurance company's liability, and the failure to give it immediately works a forfeiture of the policy. Of course, the requirement of immediate notice will be construed with reference to the circumstances of the case. The word "immediate" qualifying the word "notice" must necessarily be given a reasonable construction, having regard to the circumstances of the particular case. It means within a reasonable time. "It forbids intentional and needless delay, but it does not bind the person who is to give notice to act upon the instant, nor without taking reasonable time to procure such information as the requirement is intended to furnish to the party to be notified."

The cases of *Grand Rapids Electric Light & Power Company v. Fidelity and Casualty Company*, 111 Mich. 148, and *Anoka Lumber Company v. Fidelity and Casualty Company*, 63 Minn. 286, are relied upon by plaintiffs. These cases present the question whether under the respective clauses there under consideration, two notices were required, and whether one should be given immediately upon the occurrence of an accident, and another when claim for damages is made, or whether such conditions were complied with by deferring to give any notice until the claim for damages was made on account of the accident.

Under the language of the policies there under consideration, it was held that the giving of notice upon claim being made for damages, was sufficient. This rule, however, does not aid plaintiffs, as they neither gave notice when the accident occurred nor when the claim for damages was made.

In *Underwood Veneer Co. v. London Guarantee and Accident Co., Ltd.,* 100 Wis. 278, the identical form of policy here under· consideration was considered, construed and interpreted. The defendant in that case is the defendant in this. The policy was identical in terms and conditions with the one here under consideration. The decision in that case turned upon the construction of the same condition upon which this case rests. The party was injured August 24, 1895, and made claim for damages May 23, 1896. On the latter date the assured, for the first time, notified the insurance company. On June 8, 1896, the assured further notified the insurance company of the occurrence of the accident and of claim having been made for damages. September 7, 1896, the injured party brought suit against the assured and the latter tendered the defense to the insurance company, which it declined, and denied all liability. The case resulted in judgment in favor of the injured party and against the assured. The latter thereupon sued the insurance company upon its policy and recovered judgment, from which an appeal was prosecuted. The court at page 997 said:

"After careful consideration, we are constrained to hold that the conditions indorsed upon the policy, and quoted above, were conditions precedent. The policy expressly states that it was 'subject to the agreements and conditions indorsed' thereon. Such conditions expressly required the plaintiff, 'upon the occurrence of an accident,' to 'give immediate notice in writing of such accident,' etc. The reason for

requiring such notice is obvious. It was to enable the defendant to investigate the facts and circumstances of the accident while they were fresh in mind, with the view of settling the loss, in case it should be so advised, and in case of a contest, to be prepared to defend the same as stipulated in the policy. Accordingly the plaintiff was thereby expressly precluded from settling any claim or incurring any expense, without the consent of the defendant, except in case of absolute necessity. These things made it important for the defendant to be notified, immediately, not only of the occurrence of the accident, but also that a claim for damages had been made by the injured person on account of the accident. The words 'and also,' in the conditions quoted, pretty clearly indicate that such notice of 'the occurrence of the accident' was to be followed by a further or additional notice of any claim made for damages, and each such notice was to be given immediately as therein required. In the two cases relied upon by counsel for the plaintiff, the condition did not contain the word 'also' and in that respect the cases are distinguished from the one at bar.—*Anoka Lumber Co. v. Fidelity and Casualty Co.*, 63 Minn. 286, 65 N. W. 353; *Grand Rapids E. L. & P. Co. v. Fidelity & Casualty Co.*, 69 N. W. (Mich.) 249. Certainly we cannot hold, under the conditions in this policy, that the notice of the claim for damages, made for the first time nine months after the accident, satisfied the requirement that immediate notice should be given of 'the occurrence of the accident'; nor can we hold that such requirement was not a condition precedent; nor can we hold that such notice of the accident, given, for the first time, nine months after the occurrence of the accident, was an 'immediate notice,' within the condition quoted, as those words have been repeatedly construed by this court.—*Kentzler v. As-*

*sociation,* 88 Wis. 589, 60 N. W. 1002. True, there is no forfeiture clause in the contract. Nevertheless the plaintiff, in order to maintain this action, was bound to perform such condition precedent."

The contention of plaintiffs that defendant waived the notice or notices required, has no merit. The plaintiffs in their complaint specifically charge that they "on the occurrence of said accident gave notice in writing with full particulars of said accident, to the local agent of the defendant at Denver, and that afterwards, when the claim was made for damages on account of said accident, they gave a like notice with full particulars to the said local agent of the said defendant at Denver." These are direct and positive averments of specific compliance with the requirements of the conditions precedent set forth in the policy. Nothing is averred relative to a waiver. The plaintiffs relied specifically upon a strict compliance with the terms and conditions of the policy. The defendant interposed a general denial of all the material allegations of the complaint and an affirmative defense based upon the conditions of the policy, and alleged that no notice had ever been served. The plaintiffs failed to reply to the affirmative defense, or at all. Inasmuch as there is no pleading raising the question of waiver in this case, the question is not here for review.

When a complaint upon a written contract alleges specific performance of the conditions and obligations on the part of the plaintiff, there can be no recovery upon an alleged waiver not plead.—*Mohney v. Reed,* 40 Mo. App. 99, 109; *McCoy v. Iowa Co.,* 107 Iowa 80.

In *Isabella Company v. Glenn,* 37 Colo. 165, 169, in speaking of the question of waiver, we said: "Whether it be a waiver or a release, and whatever be its true meaning, if defendant wished to rely

upon it, it should have been specially pleaded, but it was not."

Furthermore there is absolutely no evidence upon which a claim of waiver can properly be based. Assuming that Mr. Daly and the attorneys securing the statements relative to the accident, could bind the defendant, we are wholly unable to discover in their acts or conduct any intention to waive or any waiver of the breach of the stipulation for immediate written notice of the accident and claim for damages.— *Rooney v. Maryland Casualty Co.*, 184 Mass. 26.

We find no reversible error in the record here presented, and the judgment is, therefore, affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.