[Civ. No. 4335.   Third Appellate District.—June 11, 1931.]

S. O. COOLIDGE, Appellant, v. STANDARD ACCIDENT INSURANCE COMPANY (a Corporation), Respondent.

718

Frank W. Taft and Keith C. Eversole for Appellant.

Paul Nourse for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order granting a motion for a new trial in an action upon an insurance policy to enforce the refunding of money paid by the assured to satisfy a judgment against him which was recovered on account of an automobile casualty.

The defendant is an accident insurance corporation. The plaintiff carried an insurance policy with this company upon his Buick coach automobile. This policy specifically exempted the defendant from liability unless "the assured upon the occurrence of an accident, shall give immediate notice thereof". It further provided that "The company shall not be liable under this policy for: .·. . accidents occurring while the automobiles are . . . used for towing or propelling trailers or other vehicles used as trailers." January 29, 1926, the plaintiff was driving his machine, with a trailer loaded with sheep attached thereto, along the Redwood highway north of Willits. In attempting to pass the plaintiff's automobile and trailer from the rear, a man by the name of John Dahl who was riding in his own machine, was forced over the grade and was thereby seriously injured. His nose was broken, his skull was fractured and his left eye was gouged out as a result of the accident. The plaintiff knew of this misfortune. He stopped and rendered aid to the injured man. No notice of this affair was given to the insurance company until May 12, 1926, at which time the plaintiff was threatened with a suit for damages. On this last-mentioned date the plaintiff sent a letter to the insurance company notifying it of the accident and stating that "On January 29, last, I was driving my Buick with a trailer in which I was hauling some sheep," etc. This letter also informed the company of the threatened litigation. In reply to this communication, the company promptly wired the plaintiff: "Retain personal attorney and answer to complaint (stop) will advise more fully by letter." A letter from the company was forwarded to the plaintiff on the same day containing an inclosed written reservation of the

rights of the insurance company pursuant to the terms of the policy. This letter contained the following statement: "We note by our files that the accident occurred Jan. 29th, and that it was not reported until the latter part of May; also that at the time the accident occurred there was a trailer attached to your car. In view of the above facts, in order that we may proceed with the adjustment of the claims it will be necessary for you to sign and return the attached agreement of 'Reservation of Rights.'" After consulting with his attorney, Mr. Taft, regarding this document, the plaintiff, on August 30, 1926, signed and returned this written stipulation reserving to the defendant its rights, which document contained the following language: "The insurance company denies that the said accident is covered by this policy. Therefore, it is hereby agreed that any action taken or which may be taken by the insurance company in investigating, adjusting or attempting to adjust any claim, . . . or handling any litigation in connection with the said accident, shall not be construed as an admission by the insurance company that the said accident is covered by the policy mentioned above. The particular breach of the terms of the insurance contract by the named assured is alleged to be the failure of the assured to report an accident occurring on January 29th, 1926, until May 12th, 1926; and for the further fact that at the time of the above accident there was a trailer attached to the car described in the policy."

An effort to adjust the claim for damages failed. A suit for damages was instituted by Dahl against this plaintiff. The attorneys for the insurance company were associated with Coolidge's lawyer in the defense of that action. A judgment was recovered against this plaintiff for the sum of $1835 which was paid by him. The present suit was thereupon commenced against this defendant as surety pursuant to the terms of the policy, to compel the company to reimburse the assured for the amount of damages he was compelled to pay. The defendant answered controverting the material allegations of the complaint. As a separate defense the answer alleged that the terms of the policy were waived by the assured by his failure to immediately notify the company of the occurrence of the accident. This defendant further denied its liability on the ground that the accident occurred while the insured automobile was towing a trailer which was

attached thereto. The case was tried with a jury. A verdict of $1929 was rendered against this defendant. Upon motion the verdict was set aside, and a new trial granted. From this motion granting a new trial, the plaintiff has appealed.

It is asserted by the appellant that the insurance company waived the failure to immediately notify it of the accident by attempting to adjust the claim of damages and by assisting in the defense of the original action. It is also claimed the exemption from liability on account of the use of the trailer which was attached to the automobile was also waived by the insurance company by its failure to adequately plead and prove, pursuant to section 437a of the Code of Civil Procedure, that the attached trailer proximately contributed to the accident.

When a verdict conflicts with the weight of evidence or is contrary to law, it is the duty of a trial court, upon motion, to grant a new trial. Under such circumstances the trial court is not bound by the rule with respect to a conflict of testimony. An order granting a motion for new trial, which is largely discretionary with the court under such circumstances will not be disturbed on appeal. (20 Cal. Jur. 25, sec. 12; *Pollitz* v. *Wickersham,* 150 Cal. 238 [88 Pac. 911]; *Beckley* v. *Harris,* 84 Cal. App. 557 [258 Pac. 428].)

A delay of three and a half months, on the part of the assured, to notify the insurance company of the occurrence of an accident, is not a compliance with the terms of a policy which requires him to "give immediate notice thereof", in the absence of evidence of declarations or conduct on the part of the company amounting to a waiver of this provision. (33 C. J. 11, sec. 657; 7 Cooley's Briefs on Insurance, 2d ed., 5876; *Oakland Motor Car Co.* v. *American Fidelity Co.,* 190 Mich. 74 [155 N. W. 729]; *Barclay* v. *London Guarantee & Acc. Co.,* 46 Colo. 558 [105 Pac. 865].)

Under section 2633a of the Civil Code, the provisions of an insurance policy which require an assured to immediately notify the company of the occurrence of an accident, will be deemed to have been sufficiently complied with if the notice is actually given within twenty days from the happening of the casualty.

The stipulation in the policy that notice of the accident shall be immediately given to the insurance company

should receive a reasonable construction. If the assured acts promptly without unnecessary delay in notifying the company of the accident, it will be deemed to be a sufficient compliance with the provisions of the policy. In the present case, the facts furnish no adequate reason for a delay of three and a half months in notifying the company of the accident, since the assured had actual knowledge of the seriousness of the affair at the very time that it occurred. We are of the opinion that the failure of the assured to give notice of the accident to the insurance company as provided by the terms of the policy within a reasonable time thereafter, under the facts of this case, bars him from recovery.

The evidence is uncontradicted to the effect that the accident occurred while the plaintiff was driving along the highway in his automobile to which a trailer loaded with sheep was attached. The towing of the trailer was in direct contravention of the specific terms of the policy. The express terms of the policy exempted the insurance company from liability when the insured automobile was used to propel or tow a trailer. The policy provided that the company shall not be liable for accidents occurring while the automobile was "used for towing or propelling trailers or other vehicles used as trailers". Liability for this accident is therefore specifically exempted by the terms of the policy. The respondent is not liable to the assured under its contract for the reason that the automobile was towing a trailer at the time of the accident.

The appellant contends that before the insurance company may claim exemption from liability on account of the trailer which was attached to the automobile, it must adequately plead and prove, under the requirements of section 437a of the Code of Civil Procedure, that the trailer proximately contributed to the cause of the accident. This section of the code provides that: "In an action to recover upon a contract of insurance wherein the defendant claims exemption from liability upon the ground that, although the proximate cause of the loss was a peril insured against, the loss was remotely caused by or would not have occurred but for a peril excepted in the contract of insurance, the defendant shall in his answer set forth and specify the peril which was the proximate cause of the loss, in what manner the peril excepted contributed to the loss or itself caused the

peril insured against, and if he claim that the peril excepted caused the peril insured against, he shall in his answer set forth and specify upon what premises or at what place the peril excepted caused the peril insured against.''

It is undoubtedly true the attached trailer loaded with sheep would result in increasing the hazard of operating the automobile upon the highway, for it would tend to obstruct the driver's view to the rear of the machine. There is, however, no evidence in the present case that the trailer did actually cause the accident or that it materially contributed to the mishap. The answer did allege that the trailer was attached to the automobile at the time of the accident, and the claim was made that this fact exempted the company from liability. It is true the answer failed to allege that the attached trailer actually caused the accident or that it contributed to the affair. It was not necessary to make these allegations. The defendant's exemption from liability does not depend upon the attached trailer becoming the cause of the accident or even contributing to the casualty. The very fact that the trailer was being towed at the time of the accident relieved the defendant from liability according to the specific terms of the insurance policy. The company was entitled to protect itself against this added hazard. The unambiguous terms of the policy did exempt the company from liability while the automobile was towing a trailer.

Moreover, section 437a of the Code of Civil Procedure, upon which the appellant relies, has been declared to be unconstitutional. (*Board of Education of the City and County of San Francisco* v. *Alliance Assur. Co.,* (Cal.) 159 Fed. 994.) That section was enacted in 1907 during the stress which followed the destruction of San Francisco by earthquake and fire. It is violative of article XIV, section 1 of the Constitution of the United States which prohibits the enacting of statutes by any state which ''deny to any person within its jurisdiction the equal protection of the laws''. This challenged section is also in conflict with article IV, section 25, subdivision 3, of the Constitution of California, which provides that: ''The legislature shall not pass local or special laws . . . regulating the practice of courts of justice.'' In the Board of Education case above cited, Mr. Justice Van Fleet, in assigning his reasons for holding that section 437a, *supra,* is unconstitutional, says: ''The act in

effect does four things: First, it changes a general rule of pleading; second, it changes it only in so far as it applies to one class of actions, viz., to actions respecting insurance policies; third, it does not change the rule as to all actions respecting insurance policies, but only as to actions at law to "recover upon a contract of insurance'; fourth, it does not apply to all pleadings in such actions, but only to pleadings on behalf of the defendant."

Upon the authority of the federal case above cited, and upon reason, we are impelled to hold that section 437a of the Code of Civil Procedure is unconstitutional and void.

█ Finally it is asserted that the insurance company waived the failure of the assured to notify it of the occurrence of the accident within a reasonable time, and waived the exemption from liability on account of the presence of the trailer which was attached to the automobile at the time of the accident, by its effort to procure an adjustment of the claim for damages, and by its assistance in the defense of the original action for damages. This contention that a waiver resulted from the conduct of the insurance company as above related is without merit. █ A waiver is a voluntary relinquishment of a known right. (*First Nat. Bank of Los Angeles* v. *Maxwell*, 123 Cal. 360 [69 Am. St. Rep. 64, 55 Pac. 980]; *Jones* v. *Maria*, 48 Cal. App. 171 [191 Pac. 943]; *Aronson* v. *Frankfort etc. Co.*, 9 Cal. App. 473 [99 Pac. 537]; 8 Words and Phrases, 1st ser., 7375; 5 Cooley's Briefs on Insurance, 3939.) It is true that a waiver may be either express or implied. █ Conduct on the part of the insurance company which will warrant the inference that it intended to waive a provision of the policy, and which deceived the insured so as to prevent his fulfillment of the terms of the contract may amount to a waiver. (*Francis* v. *Iowa Nat. Fire Ins. Co.*, 112 Cal. App. 565 [297 Pac. 122].) In the present case, however, the conduct of the insurance company may not be construed to constitute a waiver. The intention of the company to reserve its exemption from liability on account of the trailer which was attached to the automobile at the time of the accident, and to its right to notice of the accident as provided by the terms of the policy may not be doubted. The plaintiff's signature to a written reservation of these rights was demanded by the insurance company as a prerequisite to its consent to

aid in behalf of the plaintiff in an effort to adjust the claimed damages and as a condition upon which the company agreed to assist in the defense of the original action. The letter accompanying this requested reservation of rights also informed the plaintiff that the insurance company insisted upon its exemption from liability because of the plaintiff's failure to furnish notice of the accident and on account of the attached trailer. The conduct of the insurance company renders it indisputable that it did not intend to waive these exemptions.

It may not be asserted there was a waiver on the part of the company under the terms of section 2567 of the Civil Code for failure to make seasonable inquiry regarding the accident. The uncontradicted evidence shows that knowledge of the accident was first received by the company nearly three and a half months after it occurred. The appellant was already in default. The insurance company had no prior knowledge of the casualty. It was in no way to blame for the plaintiff's delay in furnishing notice of the affair. The company promptly communicated with the plaintiff upon receipt of this notice, asserting its exemption from liability, but offering to assist in attempting to adjust the claim for damages. There are no circumstances in the case which may be said to have previously placed the insurance company upon inquiry regarding the accident.

The order granting the motion for a new trial is affirmed.

Jamison, J., *pro tem.*, and Plummer, Acting P. J., concurred.