[L. A. No. 14041. In Bank.—December 31, 1935.]

J. W. PUREFOY, Appellant, v. PACIFIC AUTOMOBILE
INDEMNITY EXCHANGE, Respondent.

Bordwell, Mathews & Wadsworth and John H. Mathews for Appellant.

Finlayson, Bennett & Morrow and Henry L. Knoop for Respondent.

Crosby & Crosby, Elliott, Atkinson & Sitton, Hadsell, Sweet, Ingalls & Lamb, Levinsky & Jones, Mannon & Brazier, Joseph H. Raines, Rea, Free & Jacka, Edmund Scott, Jesse H. Steinhart, John J. Goldberg, Bronson, Bronson & Slaven, Harry D. Parker, Raymond G. Stanbury, White McGee, Jr., Vernon W. Hunt, Mathes & Sheppard, Robert A. Cushman, Robert E. Ford, C. F. Jorz, Albert J. Morrissey, Cooley, Crowley & Supple, Redman, Alexander & Bacon, Brown, Ledwich & Rosson, Donahue, Hynes & Hamlin, Gerald M. Desmond, Frank Campbell, Wyckoff, Gardner & Parker, Conley, Conley & Conley, Neumiller & Ditz, J. Hampton Hoge, Myrick, Deering & Scott, A. Dal. Thomson, F. Britton McConnell and Joseph A. Spray, as *Amici Curiae* on Behalf of Respondent.

SEAWELL, J.—Plaintiff J. W. Purefoy recovered judgment against W. S. Austin and Jack Austin, his minor son, in the amount of $2,800, for personal injuries sustained by plaintiff as a result of the negligent operation by Jack Austin of an automobile owned by W. S. Austin. Thereafter plaintiff commenced this action to recover the amount of said judgment from defendant Pacific Automobile Indemnity Exchange, which had issued a policy of liability insurance to W. S. Austin. The court below rendered judgment for defendant, based on findings that the insured, W. S. Austin, had violated conditions of the policy of insurance requiring the insured to give immediate notice of any accident.

The defendant Pacific Automobile Indemnity Exchange is a reciprocal or inter-insurance exchange, operating under the provisions of Statutes of 1921, chapter 834. The Individual Underwriting Corporation is named as its attorney in fact to receive notices required to be given by the policies issued to subscribers to the exchange. The provisions in the policy requiring the insured to give notice of any accident are as follows:

"A. The assured shall give the individual Underwriting Corporation herein called the Attorney, *immediate* written notice of any accident, claim, loss or suit hereunder with fullest information obtainable, especially the names and addresses of all witnesses to the accident or other occurrence, under which liability arises or might arise, and shall *immediately* deliver to the Attorney every summons or any other papers served on him on behalf of third persons. . . . [The words "immediate" and "immediately", italicized above, appear in darker type in the policy than the balance of the paragraph.]

"B. In addition to the notice provided for in Section A, the assured shall furnish an affidavit containing the information desired by the Attorney, including the conditions surrounding the happening of any accident, the date and cause of any accident or loss, a description of the articles damaged or lost, . . .

"Each and every duty imposed by sections 'A' and/or 'B' hereof upon the assured is a condition subsequent and immediately upon a failure or refusal to perform any one or more of said conditions this policy and the liability of the

Exchange, if any, thereunder shall automatically terminate."

The accident which gave rise to the present action occurred on December 16, 1929. W. S. Austin had made application for the insurance on December 15, 1929. The policy as issued was dated December 17, 1929, but it was expressly made effective from December 15, 1929, the date of the application. In addition to the paragraphs in the body of the policy, quoted above, the cover contained this notation, marked "IMPORTANT", in bold-faced type: "In case of an accident, however slight, do not fail to immediately notify the office through which you were insured or the nearest branch of the Individual Underwriting Corporation." A list of addresses of offices follows, headed by the Los Angeles office. The same notation appeared at the top of two copies of a form for reporting accidents which was enclosed with the policy for delivery to Austin. Austin had applied for this insurance to Benjamin C. Charles, a Los Angeles insurance broker, and the policy was sent to Charles when issued for delivery to Austin. As it was not issued until December 17, 1929, it must have been delivered to Austin after the accident of December 16, 1929. Neither W. S. Austin nor Jack Austin gave immediate notice of the accident to Mr. Charles, the Individual Underwriting Corporation, or the exchange. On April 22, 1930, the corporation received through Mr. Charles a payment of the balance of the premium due from Austin. It does not appear whether Austin made this payment to Mr. Charles before or after the accident. Plaintiff relies on the retention of this premium as a waiver of any rights the insurer otherwise would have by reason of the insured's failure to give timely notice.

The insurer first learned of the accident three and a half months after its occurrence, when a letter dated March 31, 1930, and sent to Mr. Charles' office by plaintiff's attorney, was forwarded to the insurer. Said letter is as follows:

"We are informed by Mr. W. S. Austin that you are the insurance carriers under an insurance policy insuring his car, license No. 4–T–23–41, make model, Overland.

"We have a client that has a claim against Mr. Austin, and we would appreciate it very much if you could give us his present address as we desire to discuss the settlement of the claim with him."

The plaintiff had already commenced action against the Austins by complaint filed on March 15, 1930, but the letter contained no information of that fact. An employee of the Individual Underwriting Corporation, after ascertaining from Mr. Charles that he had no report of the accident, telephoned to plaintiff's attorney, and in his absence learned from someone in his office the date and place of the accident. On April 7, 1930, the corporation wrote a letter to Austin, requesting full details, and enclosing a report blank. This letter was addressed to him at "155 S. Pacific, Glendale, Calif.", the address given by him in his application for insurance. It was returned unclaimed, and remailed to Austin at "155 So. Pacific, Pasadena" [instead of Glendale], and again returned as unclaimed. Thereafter neither plaintiff nor the insurer knew the whereabouts of Austin, and the plaintiff was unable to obtain service of the summons in the action commenced by him until March 18, 1931, a year and three months after the accident. In the course of the trial in the instant action, statements were made as to Austin having been out of the state. He did not testify in the instant action.

The Individual Underwriting Corporation first learned of the suit on September 20, 1930, when plaintiff's attorney telephoned to it. It informed him that it refused to accept the defense of the suit because Mr. Austin had never made a report to it. The corporation also wrote to the broker, Mr. Charles, on September 22, 1930, to inform Austin of its attitude should he take up the matter with said broker.

On March 19, 1931, the day following the service upon him of plaintiff's complaint in the action for personal injuries, Austin wrote to the broker, Mr. Charles, as follows:

"Enclosed find summons served on me 5 pm Wednesday Mar. 18–1931, relating to accident reported to you in December 1929.

"You will have a file of witness names and Addresses.

"W. S. AUSTIN 3003 Foothill Blv'd<br>
Pasadena, Calif.<br>
"Please advise procedure.<br>
"W. S. A."

This letter, received a year and three months after the accident, was the first communication from the insured. Mr.

Charles informed the Individual Underwriting Corporation of its contents, and on March 21, 1931, Mr. Charles wrote to Austin that as he had never made a report of the accident the insurer could not accept the defense of the suit. Austin was advised to employ a lawyer to handle the case. On April 10, 1931, the insurer again reiterated its stand in a conversation with plaintiff's attorney. The insurer did not defend the action; the Austins permitted their defaults to be entered, and plaintiff recovered the judgment for $2,800 against W. S. Austin and Jack Austin, upon which he brought the instant action. Austin's letter of March 19, 1931, contains the statement, "You will have a file of witness names and addresses." But Mr. Charles and officials of the insurer and its attorney in fact testified unequivocally that no report of the accident had ever been made.

It is undoubtedly true that plaintiff's attorney gave the insurer full opportunity to defend on Austin's behalf the action commenced in March, 1930. As late as April 10, 1931, said attorney stated to the Individual Underwriting Corporation that he did not want to take a default without giving the insurer an opportunity to defend. It may also be that Austin's statement in his letter, "please advise procedure", indicated that he would cooperate with the insurer from then on. But the insurer when first informed on September 20, 1930, that suit had been brought and at all times thereafter consistently took the position that by reason of Austin's failure to give it prompt notice, which would have afforded it opportunity to make a prompt investigation, it was under no duty to either defend the suit on behalf of the Austins, or thereafter to pay plaintiff any judgment recovered by him.

The provisions of Statutes 1919, page 776, require policies of liability insurance to contain a provision giving to the injured person who has secured judgment against the insured the right to bring an action against the insurance company "*on the policy and subject to its terms and limitations*". Stipulations for "immediate notice" have been held to require notice which is prompt and reasonable, having due regard to the circumstances existing. (See sec. 2633a, Civ. Code; extensive annotation, 76 A. L. R. 23, particularly at p. 53; *Coolidge* v. *Standard Acc. Ins. Co.,* 114 Cal. App. 716 [300 Pac. 885]; *National Paper Box Co.* v.

*Aetna Life Ins. Co.*, 170 Mo. App. 361 [156 S. W. 740, 741];
*Barclay* v. *London Guar. & Acc. Co.*, 46 Colo. 558 [105 Pac.
865]; *Oakland Motor Car Co.* v. *American Fid. Co.*, 190
Mich. 74 [155 N. W. 729]; *New Jersey Fid. etc. Co.* v. *Love*,
43 Fed. (2d) 82.)

▮ Appellant contends that in an action brought by the
injured person against the insurance company, before it may
rely on a breach of condition to avoid liability it must ap-
pear that it has been prejudiced by the breach. Respondent
contends that our statement in *Hynding* v. *Home Acc. Ins.
Co.*, 214 Cal. 743 [7 Pac. (2d) 999, 85 A. L. R. 13], to the
effect that the violation of the condition by the assured can-
not be a valid defense against the injured party unless in
the particular case it appears· that the insurance company
was substantially prejudiced thereby, was unnecessary to the
decision, and should be disapproved of in the instant case,
as it is contrary to the great weight of authority in other
jurisdictions. (*Coleman* v. *New Amsterdam Casualty Co.*,
247 N. Y. 271 [160 N. E. 367, 72 A. L. R. 1443, note p. 1446,
see, particularly p. 1499]; *Clements* v. *Preferred Acc. Ins.
Co.*, 41 Fed. (2d) 470 [76 A. L. R. 17, note p. 23, see, par-
ticularly p. 201]; note, 85 A. L. R. 20, particularly p. 70;
*St. Louis Architectural Iron Co.* v. *New Amsterdam Casualty
Co.*, 40 Fed. (2d) 344, *certiorari* denied, 282 U. S. 882 [51
Sup. Ct. 86, 75 L. Ed. 778]; *Jefferson Realty Co.* v. *Em-
ployers' Liability Assur. Corp.*, 149 Ky.· 741 [149 S. W.
1011].) Respondent contends that as liability insurance is
not compulsory, but voluntary, effect must be given to ex-
press conditions between the parties to the contract of insur-
ance, as in the case of other types of contracts, without a
showing of prejudice.

We are not disposed at this time to enter upon a further
consideration of the conflicting decisions as to whether preju-
dice must be shown, for we are of the view in the instant
case, as we were in the Hynding case, *supra,* that prejudice
sufficiently appeared, and the court below so found. The
insured did not communicate with the insurer or its agent or
broker, Mr. Charles, until a year and three months after the
accident. The letter of March 31, 1930, more than three
months after the accident, was not written by plaintiff's
attorney for the purpose of informing the insurer of the
facts, but asked for the address of the insured. Thereafter

plaintiff did not communicate with the insurer until September 20, 1930, nine months after the accident. ■ There are decisions holding that the requirement for notice may be satisfied by notice given by the injured person. (See annotation, 76 A. L. R. 38, citing cases.) But in the instant case, the notice was not given promptly after the accident by the injured person. Notice given three and a half months after the accident, especially when it is considered that the notice given at that date was not from the insured, but from the injured person, who was an adverse party, was not reasonably prompt notice, and did not constitute a compliance with the policy. (*Coolidge* v. *Standard Acc. Ins. Co., supra; Los Angeles Athletic Club* v. *United States Fidelity & Guar. Co.,* 41 Cal. App. 439 [183 Pac. 174]; *Aronson* v. *Frankfort etc. Ins. Co.,* 9 Cal. App. 473 [99 Pac. 537].) The information communicated to the insurer three and a half months after the accident otherwise failed to comply with the policy. It contained the bare statement that a named policyholder had been in an accident, without stating even the time and place of the accident. It did not state the "names and addresses of all witnesses to the accident", as required by the policy, nor the "conditions surrounding the happening" of the accident.

The insurer was deprived of an opportunity to make a prompt investigation while the facts were fresh in the minds of the parties and witnesses, and before physical marks and effects of the accident had been obliterated. As to certain breaches of condition it may more readily be shown whether prejudice had resulted therefrom. But respondent argues with convincing force herein, that the lapse of time which removes the opportunity for prompt investigation, also destroys the possibility of showing prejudice arising from delayed inquiry. Where witnesses are interviewed after lapse of time, during which they either may have forgotten the facts, or been approached solely by representatives of the injured party, it virtually becomes impossible to learn what facts, favorable to defendant, could have been ascertained through prompt inquiry. We are impelled to the conclusion that prejudice must be presumed in such situations.

In *Hynding* v. *Home Acc. Ins. Co., supra,* it was held that the insurance company was clearly prejudiced by the failure of the assured to appear at the trial of the damage action instituted by the injured person. The insured in his report

to the company had indicated that a defense existed, and it was to be expected that his testimony would bear this out. Nevertheless the jury may have disbelieved such testimony and accepted the plaintiff's version, in which event the insurance company would not have been ultimately prejudiced through his failure to be present at the trial. As a practical matter it would be impossible for the insurer to show that had the assured testified, the verdict would have been in his favor. Our opinion did not hold the insurance company to such an impractical requirement. A similar difficulty of proof exists where prompt investigation has been prevented. The insurer is entitled to rely on a substantial breach of so material a condition of its policy, unless it can be deemed to have waived compliance with the condition.

We disposed of the contention advanced in the Hynding case, *supra,* to wit, that to permit the insurer to rely on the insured's breach of cooperation clauses to defeat liability would open an avenue to temptation to insurers through collusive action with judgment proof clients, by pointing out that a contrary rule would open an equal possibility of collusion between the insured and the injured party to defeat the rights of the insurance company, and we further stated that in view of the provisions of our statute giving the injured person a right to bring action ''on the policy and subject to its terms and limitations'', neither possibility was properly the subject of consideration. (*Hynding* v. *Home Acc. Ins. Co.,* 214 Cal. 743, 751 [7 Pac. (2d) 999, 85 A. L. R. 13].)

In the Hynding case, *supra,* we disapproved language in *Bachman* v. *Independence Indemnity Co.,* 112 Cal. App. 465, 485 [297 Pac. 110, 298 Pac. 57], which seemed to imply that neither the insurer nor the insured by any voluntary act after happening of the accident could defeat the right of the injured person to sue the insurance company, even though the act of the insured was a breach of a condition in the policy. In fairness to the appellate court it should be said that the criticized statement as quoted in the Hynding case is taken from the report of the Bachman case as it appeared in 64 Cal. App. Dec. 971, which, it seems probable, contained a typographical or printer's error. In the Hynding case, 214 Cal. 743, 748 [7 Pac. (2d) 999, 1000, 85 A. L. R. 13], we quote the language in the Bachman case as follows:

" 'We are of the opinion that after the happening of an accident coming within the coverage provisions of a policy of insurance, such as we are now considering, neither the insurer nor the insured can, by any voluntary act, defeat the statutory right given to the injured person to bring an action on the policy after judgment recovered against the insured without some act or omission on the part of the *injured* (*party*) which will relieve the insurer from liability.' " (Italics supplied.) The word " (party) " appearing above in parentheses is added by us in the Hynding case, *supra,* to the statement in the Bachman case as it appears in 64 Cal. App. Dec. 971, 983. It seems likely that when our opinion in the Hynding case was filed, the decision in the Bachman case had not yet been published in final form in 112 Cal. App. 465. As the Bachman case is reported in 112 Cal. App. 465, 485, the word "insured" appears in place of "injured" or "injured (party)", as italicized above. With the use of the word "insured", the statement of the appellate court would seem to recognize that acts of the insured which constitute a breach of conditions of the policy may relieve the insurer from liability. This construction of the opinion is further indicated by the remarks of the appellate court in denying a petition for rehearing in the Bachman case.

*Malmgren* v. *Southwestern Automobile Ins. Co.,* 201 Cal. 29 [255 Pac. 512], holds that the parties may not insert in contracts of insurance provisions which contravene Statutes 1919, page 776. It does not hold that the right of action given the injured person by said statute is not subject to lawful conditions of the policy.

 Appellant contends that by retaining the premium after notice of the accident, the insurer waived the delay and insufficiency of the notice. On April 22, 1930, the insurer received from the broker, Mr. Charles, the whole or a portion of the premium paid by Mr. Austin to said broker. It does not appear whether Austin paid this amount before or after the accident. The policy provided that "upon a failure or refusal to perform any one or more of said conditions this policy and the liability of the Exchange, if any, thereunder shall automatically terminate". At the time when the insurer received this premium from Mr. Charles it was still trying to locate Austin. The letter addressed to him at 155 S. Pacific, Pasadena, had not yet been returned unclaimed.

The act of the insurer in endeavoring to locate Austin when it learned of the accident in March, 1930, did not constitute a waiver of Austin's continued failure thereafter to give notice. The insurer may have been willing to waive the antecedent delay had Austin received its letter and promptly given it full information. But Austin made no communication until March 19, 1931, and plaintiff's attorney did not again communicate with the insurer until September 20, 1930.

The policy of liability insurance did not insure Austin only against liability on account of this particular accident, but also against liability for other accidents during the life of the policy, which was one year from December 15, 1929. We are of the view that by retaining the premium the insurer may have waived the right to declare the policy forfeited, and thereby have protected Austin as to other accidents during the life of the policy, but that it did not waive the right to rely on the breach of condition to defeat liability as to this particular accident. Until March 19, 1931, the insurer did not know the whereabouts of Austin, and could not directly inform him of its intention to rely on the breach of condition. Between April 22, 1930, and March 19, 1931, the insurer's only contact with plaintiff's attorney was on September 20, 1930, and at that date and consistently thereafter it placed its denial of liability on the ground of the failure of notice. Neither the insured nor plaintiff was shown to have been misled by any act of the insurer to believe that it did not intend to rely on the breach of condition, nor to have altered his position in reliance on such a belief. (*McDanels* v. *General Ins. Co.,* 1 Cal. App. (2d) 454 [36 Pac. (2d) 829].)

Furthermore, it is the rule in this state that where the plaintiff relies on waiver of a breach of conditions in a policy, he must allege said waiver, and evidence of waiver is not admissible under allegations of performance of conditions. (*Goorberg* v. *Western Assur. Co.,* 150 Cal. 510 [89 Pac. 130, 119 Am. St. Rep. 246, 11 Ann. Cas. 801, 10 L. R. A. (N. S.) 876]; *Aronson* v. *Frankfort etc. Ins. Co.,* 9 Cal. App. 473 [99 Pac. 537]; *Schmid* v. *Automobile Underwriters,* 215 Iowa, 170 [244 N. W. 729, 85 A. L. R. 4]; *Barclay* v. *London Guarantee & Acc. Co.,* 46 Colo. 558 [105 Pac. 865]; note, 76 A. L. R. 131.) In the instant case plaintiff

alleged on information and belief that Austin gave immediate notice of the accident with fullest information, and otherwise complied with conditions of the policy exactly. He knew that the insurer denied liability on account of the long delay in giving notice, and intended to rely on the breach of condition, yet he made no effort either originally or by amendment to allege a waiver. We conclude that plaintiff has not established a waiver of the condition as to notice.

The judgment is affirmed.

Shenk, J., Curtis, J., Conrey, J., and Langdon, J., concurred.

WASTE, C. J., Concurring.—I concur in the judgment because the court found that the insurer was prejudiced by the delay in receiving notice from the insured of the happening of the accident.