## ALMA ARONSON
*vs.*
## AMERICAN EMPLOYERS INSURANCE CO.

Superior Court      New Haven County      File No. 64706

MEMORANDUM FILED APRIL 24, 1944.

*Walton E. Cronan,* of New Haven, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendant.

McLAUGHLIN, J.   The plaintiff in her reply to the defendant's special defense alleges the defendant offered her five thousand dollars in settlement of her case during trial and that in making said offer of settlement the defendant waived whatever reservation of its rights it claimed to have reserved, as set forth in defendant's special defense.

The defendant attacks by demurrer paragraphs 6 and 7 of the plaintiff's reply. Hence the demurrer is to a partial defense so stated.

In the absence of estoppel, a waiver, or other excuse, co-operation by the assured in accordance with the provision of the policy is a condition the breach of which puts an end to the insurer's obligation. Waiver is the voluntary relinquishment of a known right and intention to relinquish may be determined by acts and conduct inconsistent with intention to terminate the contract.

The mere fact that an insurer participated in the defense of an action brought against the assured by a third party does not estop it thereafter to claim that the loss was not covered by the policy, provided it gave notice to the owner at the same time that it did not waive the benefit of such claim. *Basta vs. United States F. & G. Co.,* 107 Conn. 447.

Nor will an attempt by insurer to adjust the case in suit void a clear and unambiguous reservation of rights, because it is not waiver that is voluntary relinquishment of known right nor an estoppel, that is, it cannot be held to deceive the insured. *Coolidge vs. Standard Accident Ins. Co.*, 114 Cal. App. 716, 300 Pac. 885. Hence the demurrer is well taken and is sustained as to paragraphs 6 and 7 of the plaintiff's reply.