[Civ. No. 5002. First Appellate District, Division Two.—March 9, 1925.]

## LAWRENCE VICINO et al., Respondents, v. FRANK AMADOR, Appellant.

[1] NEW TRIAL—EXPIRATION OF TWO MONTHS—INEFFECTIVE ORDER.— An order granting a new trial which is not made within two months after the verdict is ineffective.

[2] APPEAL—DELAY IN REQUESTING TRANSCRIPT—OBJECTION WITHOUT MERIT.—On an appeal by defendant from a judgment in favor of plaintiff in an action in which an ineffective order purporting to grant a new trial was made about nine weeks after the verdict, and defendant's notice of appeal and request that the evidence, etc., be transcribed was not filed until almost three weeks thereafter, where the record does not disclose that a notice of entry of judgment or of the order purporting to grant a new trial was given, and the trial court, over the objection of plaintiff,

certifies the record and also certifies the proceedings subsequent to the preparation of the transcript, and no formal motion to dismiss the appeal is made, there is no merit in plaintiff's objection (made in his brief) to a hearing by the appellate court.

[3] MOTOR VEHICLE ACT — TURNING FROM RIGHT TO LEFT SIDE OF HIGHWAY—STATUTORY CONSTRUCTION—EVIDENCE—INSTRUCTIONS.— Under the terms of the Motor Vehicle Act (in force at the time of the accident involved in this action) the rule that the operator of an automobile should not in certain places turn from the right to the left side of the highway so as to proceed in the opposite direction was subject to several provisos and limitations; and if a party contends that the rule has been violated, the burden is upon him to prove the facts which show the violation, and the trial court in giving its instructions should be asked to state all the provisions of the statute applicable, and not merely one of the statutory elements.

[4] NEGLIGENCE—CLOSELY BUILT UP DISTRICT—SIGNS—EVIDENCE—IN- STRUCTIONS.—In an action for damages arising out of an auto- mobile collision, where the evidence introduced shows the existence of some sign on the side of the highway near the point where the accident happened, but the evidence does not show whether the sign was erected by the trustees of the town in which the ac- cident happened, whether the sign was red with white letters thereon (as prescribed by the Motor Vehicle Act with reference to a twenty-mile speed limit on the line of a highway not mainly devoted to business where for not less than a quarter of a mile the dwelling-houses and business structures average less than one hundred feet apart), or whether there were any letters on the sign, and there is no evidence introduced showing whether there was any building within one-quarter of a mile of a church in front of which defendant turned, the trial court is not justified in giving any instruction regarding the law applicable to the operation of motor vehicles in "a closely built up district."

[5] ID.—DEFINITION OF CLOSELY BUILT UP DISTRICT—INSTRUCTIONS.— In such action, where there is no conflict in the evidence to the effect that defendant was driving his automobile on the right side of the highway and in a careful and prudent manner so as not to endanger the life or limb of any person or the safety of any property, and it is the contention of both parties that defendant turned from the right to the left side of the highway, and there is not a particle of evidence to support a finding that the place where the accident occurred was "a closely built up district," it is error to give an instruction which leaves the jury by its verdict to define what is "a closely built up district" and thereafter to find that the act of defendant was committed in, or was not com- mitted in, such a district.

[6] Id.—Cause of Accident—Prejudicial Instruction.—In such action, where there is no evidence as to the character of the district where the accident occurred, an instruction which leaves to the jury to define "a closely built up district," and then to determine whether the accident occurred by reason of the fact that defendant turned from the right to the left side of the highway at that point, and if so directs a verdict in favor of plaintiff, does not state the law and is highly prejudicial to defendant.

(1) 29 Cyc., p. 1004, n. 16.    (2) 3 C. J., p. 1074, n. 77.    (3) 28 Cyc., p. 47, n. 9, p. 49, n. 49.    (4) 28 Cyc., p. 49, n. 49.    (5) 28 Cyc., p. 49, n. 49.    (6) 28 Cyc., p. 49, n. 49.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Reversed.

The facts are stated in the opinion of the court.

Louis Oneal, C. M. Booth and Welburn Mayock for Appellant.

Rea & Caldwell for Respondents.

STURTEVANT, J.—Plaintiff filed a complaint, the defendant filed a cross-complaint, and after issue joined on each of those pleadings the parties went to trial before the court sitting with a jury. Judgment went for the plaintiff and the defendant has appealed.

The respondents make a preliminary objection to the appeal being heard on the record which is before us. A proper understanding of that objection requires the statement of these preliminary matters: The verdict was filed February 14th, the judgment was entered February 15th, and notice of intention to move for a new trial was filed February 19th, and the trial court made an order granting a new trial on April 18th, all of said dates being in the year 1924. [1] It will be noticed that the order granting the new trial was not made within two months after the verdict and for that reason the order was ineffective. (Code Civ. Proc., sec. 660.) [2] The record does not disclose that a notice of entry of judgment was given, nor does it disclose that a notice was given of the order granting a new trial. On May 9, 1924, the appellant filed a notice of appeal and requested that

the evidence, etc., be transcribed. Thereafter the clerk's transcript was prepared, the reporter's transcript was prepared, and notice was given that the same would be presented for approval. On the day noticed written objections were presented opposing the certification of the record and said objections were supported by the records and files of the trial court. Thereafter the trial court certified the record and furthermore it certified the proceedings subsequent to the preparation of the transcript. No formal motion to dismiss this appeal has been made, but in his brief the respondent calls attention to the foregoing facts by way of objecting to a hearing in this court. The objection is without merit. The point was ruled in the case of *Revert* v. *Hesse,* 184 Cal. 295, 297 [193 Pac. 943].

The trial court gave, at the request of respondent, certain instructions and it denied or modified certain instructions requested by the defendant. The plaintiff pleaded negligence by using the same language as was before the court in *Stein* v. *United Railroads,* 159 Cal. 368 [113 Pac. 663]. The same language was used by the defendant in his cross-complaint. The accident complained of happened near the town of Gilroy, in Santa Clara County. Neither party introduced any local ordinance, but both parties relied on the provisions of the general laws. Immediately before the accident the plaintiff was traveling south, taking a new automobile to make a delivery thereof. It was the theory of the defendant that the plaintiff was traveling at an excessive speed, to wit, forty or fifty miles per hour. Immediately before the accident the defendant had been traveling north and, about the time that he came in front of the Catholic church, he turned from the right-hand side of the road to the left-hand side. In this movement it is the contention of the appellant that the turn was so made as to attempt to park his car facing the left-hand side of the street at right angles, whereas respondent contends that the appellant was describing an arc to proceed in the opposite direction.

The first instruction complained of is respondent's instruction 13.

"I instruct you that in deciding this case you are entitled to take into consideration the following facts:

"First: Whether or not defendant was driving his automobile on the right side of the highway.

"Second: Whether or not defendant turned from the right side of the highway to the left in a closely built up district where there was no intersection of streets.

"Third: Regardless of the above two facts whether or not defendant was driving his automobile in a careful and prudent manner so as not to endanger the life or limb of any person or the safety of any property."

The second instruction complained of is respondents' instruction 15, which is as follows:

"I also instruct you that if you find that defendant was not operating his automobile on the right side of the road as required by the provisions of the Motor Vehicle Act of the State of California above quoted to you, or. that he suddenly turned his automobile from the right side of the highway to the left in a closely built up district where there was no intersection of streets and he is then guilty of negligence as a matter of law, and if said accident would not have happened except for said act of defendant that the plaintiff is entitled to recover in this case."

The appellant contends that there is no provision contained in the general statutes which prohibits the operator of an automobile from turning from the right side of a highway to the left. The respondent contends that there is. Both are partly correct and partly in error. **[3]** Under the terms of the Motor Vehicle Act, then in force, the operator of an automobile should not in certain places turn from the right to the left side of the highway so as to proceed in the opposite direction. That rule is subject to several provisos and limitations. If a party contends that the rule has been violated he must prove the facts which show the violation and the trial court in giving its instructions should be asked to state all of the provisions of the statute applicable, and not merely one of the statutory elements. As neither party contends that the accident in question occurred in a business district, we shall not confuse the record by adverting to the statutory provisions applying thereto. Highways are roads and streets erected as such by the public. (Pol. Code, sec. 2678.) The trustees of a town may place conspicuously thereon at the boundary

lines of certain parts of the town signs of sufficient size to be easily readable by a person using the highway, bearing the words and figures ''20 miles speed limit,'' which words shall be printed in white letters on a red background. The parts of the town on which such signs may be placed are the territory thereof contiguous to a public highway which is on the line of said highway not mainly devoted to business where for not less than a quarter of a mile the dwelling-houses and business structures on such highway average less than one hundred feet apart. Such territory so marked with signs is by the statute defined as ''closely built up.'' In a ''closely built up'' territory no vehicle shall be turned so as to proceed in the opposite direction except at an intersection of the public highway. (Stats. 1919, p. 192, sec. 1, subd. 6, and sec. 20, subd. q.)

Bearing in mind the provisions of the statute just quoted we shall pass to a consideration of the evidence. [4] The evidence introduced showed the existence of some sign on the side of the highway near the point where the accident happened. But the evidence did not show whether the sign was erected by the trustees of the town of Gilroy, whether the sign was red with white letters thereon, or whether there were any letters on the sign. There was no evidence introduced showing whether there was any building within one-quarter of a mile of the Catholic church hereinabove mentioned.

In this condition of the record it is manifest that the evidence introduced did not justify the trial court in giving any instruction regarding the law applicable to the operation of motor vehicles in ''a closely built up district.''

[5] Bearing in mind the calls of the statute governing the operation of a motor vehicle in ''a closely built up district,'' it should first be stated that the trial court did not attempt to give any law on that subject except what is contained in respondent's instruction 13 and respondent's instruction 15. As to instruction 13, it should be observed that there was no conflict whatever in the evidence and the evidence was all to the effect that the defendant was driving his automobile on the right side of the highway, and also that the defendant was driving his automobile in a careful and prudent manner so as not to endanger the life or limb

of any person or the safety of any property; and, furthermore, as we have shown above, it was the contention of both parties that the defendant did turn from the right side of the highway to the left side of the highway. Under these circumstances instruction 13 left the jury by its verdict to define what is "a closely built up district" and thereafter to find that the act of the defendant was committed in, or was not committed in, such a district. By reason of the verdict returned it must necessarily be concluded that the jury found that the place where the accident occurred was "a closely built up district," whereas, as we have shown, there was not a particle of evidence in the record to support the finding.

[6] Respondent's instruction number 15, when compared with the provisions of the statute above quoted, contained all the vices that were contained in instruction 13 and an additional error which requires a reversal of the case. A mere reading of the instruction discloses that the instruction left to the jurors to define "a closely built up district," and then to determine whether the accident occurred by reason of the fact that the defendant turned from the right side to the left side of the highway at that point, and if so the instruction thereupon directed a verdict in favor of the plaintiff. Of course, that was not the law, and, furthermore, it was highly prejudicial to the defendant. In view of the conclusions which we have reached regarding the giving of the foregoing instructions, it is not necessary for us to consider the alleged errors regarding the action of the trial court in refusing or modifying certain instructions proposed by the defendant.

The judgment is reversed.

Nourse, J., and Langdon P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 7, 1925.