[Civ. No. 4487. Third Appellate District.—March 23, 1932.]

F. J. CONNER, Respondent, v. UNION AUTOMOBILE INSURANCE COMPANY (a Corporation), Appellant.

Wakefield & Hansen for Appellant.

William N. Graybiel for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment against a surety company to recover damages which were sustained as the result of an automobile casualty.

The plaintiff secured a judgment against the defendant surety company for the sum of $1340 as indemnity for damages sustained in an automobile collision. The insured machine was towing a trailer at the time the accident occurred. The policy contains the following exemption clause: "This policy does not cover . . . (b) damage or expense while the automobile . . . is operated, maintained or used . . . for towing or propelling any trailer, vehicle or implement."

The judgment was rendered January 26, 1931. Notice of the entry of judgment was served on counsel for the defendant by mail February 4th, pursuant to section 1012 of the Code of Civil Procedure. The receipt of this notice is not disputed. The affidavit of service was defective. A new and adequate affidavit of service of the notice of entry of judgment was subsequently filed. This amended affidavit is not certified as a part of the record on appeal. The respondent now asks for a diminution of the record to include this amended affidavit. This motion should be granted. The amended affidavit may be filed in this court and considered as a part of the record on appeal. A notice of intention to move for a new trial was filed February 11, 1931. This motion for a new trial was subsequently submitted on briefs to the court for decision. On April 11th the court made an order granting the new trial.

■ This order granting a new trial is ineffectual and void. The statutory limitation of time within which the court was authorized to pass upon the motion for a new trial had elapsed. The last paragraph of section 660 of the Code of Civil Procedure provides:

"The power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then sixty (60) days after filing of the notice of intention to move for a new trial. If such motion is not determined within said sixty (60) days, the effect shall be a denial of the motion without further order of the court."

Since written notice of the entry of judgment was duly served on the defendant by mail pursuant to sections 1012 and 1013 of the Code of Civil Procedure, on February 4th, the motion for a new trial is deemed to have been automatically denied upon the expiration of sixty days thereafter. The subsequent order purporting to grant the new trial is therefore invalid. The court was without jurisdiction to make that order.

The respondent contends that because the affidavit of service of notice of the entry of judgment was defective and that the court had no actual knowledge of the time of service of this notice, the time for determining the motion was extended by section 660, *supra,* to sixty days from the date of filing the notice of intention to move for a new trial. This construction is at variance with the clear import of the language of the statute. The limitation of time within which the court is authorized to decide a motion for new trial does not depend upon mere proof of service of notice of the entry of judgment, nor upon the court's actual knowledge of this service. The statutory period of sixty days from the filing of the notice of intention to move for a new trial is allowed only on condition that written notice of the entry of judgment "has not theretofore been served". In the present case this notice was duly served, but the proof of service was defectively made. This defect in the affidavit does not extend the statutory period for passing on the motion for a new trial. The jurisdiction of the court does not depend upon proof of service, but rather upon the date of the

actual service of notice. The syllabus in the case of *Heinlen* v. *Heilbron*, 94 Cal. 636 [30 Pac. 8], correctly states the principle which is decisive of this contention on the part of respondent, as follows:

"The jurisdiction of the Supreme Court of an action appealed thereto does not depend upon the proof of service of the notice of appeal, but upon the fact that service has been made; and a motion to dismiss an appeal upon the ground that the record does not show a sufficient service will be denied if the appellant can show by other proof that the notice was properly served, even though the transcript be defective in that regard."

The motion for new trial must therefore be deemed to have been denied. This brings us to the merits of the cause.

The fact that the insured automobile was towing a trailer at the time of the accident is undisputed. The exemption clause of the policy as above quoted is not controverted. The respondent, however, asserts this exemption clause was waived by the conduct of the defendant in ordering the repair of the machine and assuming the liability to pay the expenses incurred in the performance of this service.

The evidence shows that when the insurance on the automobile was applied for the plaintiff asked the agent to transfer the insurance from a Reo truck which he had formerly owned to the new truck for which he had recently traded. At that time the insured said, "I believe that truck has full coverage." To which the agent replied, "Yes . . . it has; that is, the little ton and a half truck (is fully covered)." This reply infers the former insurance on the Reo truck did not cover an attached trailer. The question regarding the insurance of a trailer was not discussed. It appears the agent had no knowledge of the use of a trailer by the plaintiff. There is no evidence that the policy insuring the Reo truck from which the contract was transferred also covered a trailer. The company was accustomed to charge an additional premium for insuring a trailer. In the event the insurance of a trailer was desired, in consideration of an additional premium, a rider covering the trailer was attached to the policy. This was not done in the present case. There was no request for it to be done. There was no discussion regarding the

use or insurance of a trailer. Regarding this subject, the agent, Honeywell, testified: "Q. Do you remember Mr. Conner asking you when the policy was taken out, if he had full insurance? A. No sir. . . . Q. You didn't call his attention to anything in the policy that might void it . . . A. No sir, I don't have any recollection. Q. He didn't make any representations to you that he was not using a trailer? A. No sir. Q. In fact you knew that he was using trailers? A. No sir. Q. You didn't know at any time he was using trailers? A. No sir. Q. You never saw him around town with a trailer on his truck? A. Never noticed a trailer on (any) one of his trucks."

It further appears that after the collision occurred the local agent, Mr. Honeywell, promptly notified the general agent, Reed, of the accident. He went to Turlock and inspected the damaged machine. He then learned for the first time that the automobile was towing a trailer at the time of the accident. In spite of this information he determined what repairs were necessary, estimated the probable cost thereof, and directed that the machine be taken to a particular garage in Tracy for repairs. The insurance company delivered to the owner of the garage its check for $125 toward the payment of this bill. The general agent explained that he authorized this work to be performed assuming that the insurance company was liable under the terms of the policy for "collision damages", which means injury to the car of the insured as distinguished from "personal injury and property damage", which means injury to individuals or to the other man's car. In other language, the general agent assumed his company was liable for actual damage to the insured car. He testified that their policy formerly so provided, but that it had been changed about a year previous to the issuance of this policy. About three weeks after the accident occurred the insurance company repudiated its liability entirely. This action was then commenced.

The appellant contends that the plaintiff's automobile was not covered by the insurance policy which is here involved, because it was towing a trailer when the accident occurred. It is asserted the insurance was specifically limited to the machine while it was operated without a trailer. The respondent does not dispute the existence of

this clause, nor its effect. But it is claimed the defendant waived this exemption by authorizing the repairs to be performed after it secured knowledge of the fact that the automobile was towing a trailer when the accident occurred.

The question is squarely presented on this appeal as to whether an insurance company may be estopped from denying its liability for damages to an automobile incurred in an accident under conditions specifically exempting the company from liability under the unambiguous terms of the policy, by reason of subsequent acts or conduct of the insurer. This case does not involve the waiving of conditions which are required by the terms of the policy as a prerequisite to the establishment of liability, such as prompt notice of the accident. It involves the construction of a contract of insurance which specifically limits the liability to the use of an automobile without an attached trailer. The exemption clause provides: "This policy does not cover . . . damages or expenses while the automobile . . . is operated, maintained or used . . . for towing or propelling any trailer." A waiver is a voluntary abandonment of a known existing right. By means of the doctrine of waiver a contract may not be reformed so as to create a liability for conditions which are specifically excluded by the very terms of the instrument. If the contract is procured by fraud or the conduct of the insurer is such as to mislead the insured to his prejudice, then the insurer may be estopped from denying liability. Estoppel is an equitable bar to the enforcement of a claim when the conduct of the claimant misleads the adverse party to his prejudice. There was nothing in the conduct of the agent for the defendant in the negotiations for the issuance of the policy which could warrant the plaintiff in claiming he was deceived regarding the coverage of the trailer. Neither did the agent's subsequent instructions to make the necessary repairs deceive the insured to his prejudice. The plaintiff was undoubtedly disappointed when the insurance company repudiated its liability, but he was not prejudiced by its original assumption of liability, for undoubtedly the same repairs would have been required at the same cost, if he had made all arrangements himself. Certainly the plaintiff was not prejudiced by the voluntary contribution of $125 by the insurer, which he could

not have otherwise secured. It therefore appears the conduct of the agents of the insurance company in subsequently misconstruing the policy constituted neither a waiver nor an estoppel.

■ The attachment of a trailer to the automobile while it was being operated is clearly an added hazard. There appears to be good reason why an insurance company may lawfully limit its liability to the operation of the insured machine free from the use of an attached trailer which increases the hazard. An automobile is not ordinarily used with a trailer. It is reasonable to expect the owner of a machine who desires to obtain insurance for his automobile with a trailer attached to so inform the insurer.

In the case of *Coolidge* v. *Standard Accident Ins. Co.*, 114 Cal. App. 716 [300 Pac. 885], the same exemption clause of a policy respecting an attached trailer was construed, which is involved in this case. In the Coolidge case it was claimed this exemption clause was waived by failure to plead in the answer of the insurance company, pursuant to section 437a of the Code of Civil Procedure, that the presence of the attached trailer contributed to the cause of the accident. The court said:

"It was not necessary to make these allegations. The defendant's exemption from liability does not depend upon the attached trailer becoming the cause of the accident, or even contributing to the casualty. The very fact that the trailer was being towed at the time of the accident relieved the defendant from liability according to the specific terms of the insurance policy. The company was entitled to protect itself against this added hazard. The unambiguous terms of the policy did exempt the company from liability while the automobile was towing a trailer."

The liability of an insurance company is ordinarily measured by the express terms of its written contract. A policy may lawfully exempt the insurance company from liability while the automobile is being operated by a driver under the age which entitles him to a chauffeur's license. (*Sears* v. *Illinois Indemnity Co.*, 121 Cal. App. 211 [9 Pac. (2d) 245].) So, also, the policy may exempt the insurer from liability while the car is being used under a contract for hire. (*Brown* v. *International Indemnity Co.*, 121 Kan. 406 [247 Pac. 432].) The breach of a condition in a policy

to the effect that the insurer shall not be liable for loss or damage while the vehicle is encumbered by lien or mortgage will defeat the right of recovery. (13–14 Huddy's Ency. of Auto. Law, 143, sec. 123.) At page 151 of the volume last cited it is said: "In such a case, there is no forfeiture, but simply a suspension of a coverage while the car is being" so used.

In support of his contention that the appellant waived the exclusion clause with relation to the trailer, the respondent relies chiefly on the case of *Sam Wong* v. *Stuyvesant Ins. Co.*, 100 Cal. App. 109 [279 Pac. 1050, 1051]. This was a suit upon a fire insurance policy which contained the provision that "This entire policy shall be void . . . (E) if the subject of insurance be a building on ground not owned by the insured in fee simple." The plaintiff owned the insured building which was constructed on leased premises. No inquiry regarding the title to the land was made by the agent. The insured was not guilty of fraud or misrepresentation in procuring the policy. The court said:

"(Since) the insurance company made no inquiry concerning his (the insured's) interest, and issued a policy to him, and accepted and retained the premium, *the company must have been presumed to have knowledge of the condition of the title,* and to have assured the property with such knowledge."

Applying this principle to the present case, the respondent claims that, because the appellant failed to inquire about the use of a trailer, this exemption clause was waived. There appears to be a clear distinction between these cases. In the Sam Wong case the entire policy depended upon the insured having title to the real property. The policy became absolutely void and valueless without this title. The entire contract depended upon the title to the real property. The title to this property was a matter of public record, which charged everyone contracting with relation thereto, with knowledge of the title. In the absence of title in the insured person, the agent was selling him a valueless contract, and collecting premiums without consideration. Under such circumstances the court properly said the insurance company was charged with knowledge of the absence of title to the real property.

In the present case, the circumstances are quite different. The policy was intended to insure a particular automobile, which was specifically described. Neither party mentioned the use or purpose of insuring a trailer. Ordinarily an automobile is operated without a trailer. Certainly the insurer could not reasonably be charged with knowledge that the insured intended to operate his machine with a trailer. The policy is perfectly valid so long as the machine is operated without a trailer. This is the specific purpose for which it was insured. The use of the trailer increased the hazard. The insurance company had a right to provide against this hazard. The insurer had no knowledge or intimation that the machine was to be used with a trailer. There is no logic or justice in assuming that the appellant in this case should be charged with knowledge of the fact that the insured intended to use his machine with a trailer.

The judgment is reversed.

Plummer, J., and Preston, P. J., concurred.