PENNSYLVANIA INDEMNITY CORPORATION *v.*
MARY E. KURTZ

[No. 25, April Term, 1934.]

*Decided May 17th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*James U. Dennis*, with whom was *Frederick C. Smith, Jr.*, on the brief, for the appellant.

*John Y. Offutt*, with whom were *James J. Lindsay* and *L. Wethered Barroll* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

The appellee was injured in a collision between the automobile in which she was riding as a passenger and a truck of the Allers & Bell Transfer Company, Incorporated, which then held a policy of liability insurance in the appellant company. Judgment was recovered by the appellee against the transfer company for $1,000, and execution issued thereon, and trucks of the transfer company levied upon; but, by reason of conditional sales contracts thereon, they were not sold under the execution, but a settlement was made with the holders of the conditional sales contracts and the amount received in the settlement credited on the judgment, and the execution countermanded; and this suit was brought by appellee for the balance of said judgment. After the institution of the suit but before the filing of the amended declaration in this case, another execution was issued on said judgment and returned *"nulla bona."*

In the policy of insurance there is a condition that "this

policy does not cover any liability in respect of injuries caused in whole or in part by any automobile insured hereunder while being operated or manipulated * * * to propel or tow any trailer or other vehicle used as a trailer, unless such liability is specifically included herein by indorsement." It is admitted that there was no such indorsement on the policy.

It appears from the testimony of a witness produced by plaintiff that, at the time of the accident, the truck was backed up against the curb of the street, and that, a few minutes after the accident and before plaintiff was taken from the scene, a circus wagon was seen by him attached to the truck, and that the truck was then about to move out. This witness and the plaintiff testified that at the time of the accident the wagon was not attached to the truck. The manager of the transfer company, testifying for the defendant, said that before the collision the wagon had been attached to the truck and he was about to give the signal to start when the collision occurred. A demurrer prayer offered by defendant was refused, and an exception reserved to that ruling. This appeal is from a judgment for the plaintiff.

A number of exceptions were reserved in the course of the trial which it will be unnecessary to consider, as, in the opinion of a majority of the court, there was error in the refusal of the demurrer prayer. Of course for the purposes of such a prayer the plaintiff's testimony must be taken as true, and we cannot consider testimony offered by the defendant that the wagon was attached to the truck before the accident, and that for an hour or two before the accident the transfer company had been engaged in towing with its trucks circus wagons from the lot adjacent to the street.

But, in the opinion of a majority of the court, the testimony of plaintiff's own witnesses, that practically immediately after the accident he saw the wagon attached to the truck and about to be moved, was sufficient, in the circumstances disclosed by the record, to show as a matter of law that at the time of the accident the truck was

being operated or manipulated to propel or tow the wagon, within the meaning of the policy.

This being the conclusion of the court, it has been found unnecessary to consider other grounds urged by the defendant in support of the prayer, one of which was the alleged insufficiency of the return on the execution before the institution of the suit.

*Judgment reversed, without a new trial, with costs.*