EDWIN F. MARX, PLAINTIFF-APPELLANT, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION OF THE STATE OF MARYLAND, DEFENDANT-RESPONDENT.

Argued February 5, 1937—Decided April 30, 1937.

For the appellant, *Laurence Semel* (*Meyer M. Semel*, of counsel).

For the respondent, *George R. Jackson* (*William P. Braun*, of counsel).

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment of the Supreme Court reversing a judgment of $500 entered in the District Court by the judge sitting without a jury, in favor of the plaintiff-appellant, and against the defendant-respondent.

On March 1st, 1934, the defendant company issued its policy to the plaintiff wherein it agreed to insure and indemnify him from March 1st, 1934, to March 1st, 1935, against any loss by reason of any claims against him arising out of accident involving a certain Ford truck owned by the plaintiff.

On or about December 17th, 1934, the truck became involved in an accident wherein one Harry Wasylik was killed, and suit was brought by his administratrix *ad prosequendum* against the plaintiff, Edwin F. Marx, in the New Jersey Supreme Court for damages and the plaintiff notified defendant company, but it refused to defend said suit, disclaiming all liability under the policy by reason of alleged violations thereof by the plaintiff.

The suit was successfully defended by Marx and the present action is against the defendant insurance company to recover the moneys paid or agreed to be paid by him for attorney's fees and other expenses incurred in the defense of said suit.

By the terms of the policy the defendant company agreed to defend in plaintiff's name and behalf any suit against him for damages on account of bodily injuries or property damage.

We must look to the provisions of the policy itself in order to ascertain whether under the proofs presented, the policy was in force and effect at the time of the accident.

"The terms of the policy constitute the measure of the insurer's liability, and there can be no recovery thereon by

insured where he has violated or failed to perform its conditions, or its warranties are not literally true or fulfilled, in the absence of an estoppel or waiver on the part of the company. A breach of warranty will avoid the policy, although there is no provision to that effect in the policy." *Neilson* v. *American Mutual Liability Company of Boston,* 111 *N. J. L.* 345.

The policy with which we are concerned contained certain declarations which are required to be made by the assured, one of which was that the business of the assured was (a) farming and bureau of sanitation; (b) individual.

At the time plaintiff took out his policy he had a contract with the borough of Washington, Pennsylvania, to haul its garbage and was also engaged in other hauling.

Item 8 under "Declarations" reads: "The automobiles and trailers with reference to which this insurance is provided, are described as follows:

Trade Name and Number of Cylinders—Ford 8.

Type of Body, Model Series, Load Capacity if truck—1½ Ton Truck.

Serial Number—18-419689.

Year Model—1934."

Other pertinent declarations of the policy were that the automobiles will be principally garaged and used in Washington borough, Lancaster county, Pennsylvania; that the purposes for which the automobiles are to be used are commercial—usual to business of the assured.

Among the reservations contained in the policy were the following:

"Section IV. The company shall not be liable under this policy for any accident, loss or damage;

(a) while the automobile,

(1) is used for any purposes not stated in this Declaration, nor, unless expressly and specifically stated in the policy, while the automobile is used for rental or livery purposes, carrying passengers for a consideration, towing a trailer not insured by the company, demonstrating or testing:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(c) because of the use or operation of a trailer while attached to an automobile which is not insured by the company."

Section V.A. provides that the policy is subject to certain conditions, one of which, under the heading of "Definitions," is that: "The word 'automobile' wherever used in this policy shall mean only a motor vehicle (or trailer) with reference to which the insurance hereunder is provided. The policy applies separately for each such motor vehicle, but a trailer and the motor vehicle to which it is attached shall be considered together as one automobile."

The conceded facts are that the accident occurred in Newark, New Jersey, while the truck was towing a trailer and that there was no insurance on the trailer as such; that at the time of the accident, plaintiff was going to the garage of the Pyramid Motor Trucking Company, at Newark, New Jersey, to get a load of merchandise to take back to Philadelphia, that the Pyramid Company had hired the truck and was paying plaintiff $75 per week to haul for them any place, and that this $75 included plaintiff's labor as driver of the truck and from it plaintiff paid his helper and the expenses of operation.

Liability under the policy was disclaimed by the defendant company upon the ground that at the time of the accident the truck had a trailer attached, which trailer was not insured by the company; that the truck was being used for rental or livery purposes which was for a business different than for what it was insured; and was being garaged in Newark in violation of the policy which provides that the truck be principally garaged in Washington borough, Lancaster county, Pennsylvania.

The Supreme Court in its opinion, reported in 14 *N. J. Mis. R.* 812, reversed the District Court upon the ground that the rental of the truck was clearly an avoidance of the policy and found it was unnecessary to consider the other grounds urged for reversal.

We are not prepared to say that the reversal by the Supreme Court cannot be supported on this ground. It may well be

argued that "livery" would mean either the hiring out of an automobile itself without a driver, or the hiring of it with a driver. Such was the practice in the horse and buggy period, the livery stable furnishing a driver if desired, or not furnishing one if the patron was known and regarded as a safe person to drive.

Neither counsel for appellant nor respondent have submitted any decisions in this state, or elsewhere, construing the words "used for rental or livery purposes." Not having the benefit of such decisions as a guide, we prefer to affirm the judgment of the Supreme Court reversing the judgment of the District Court, upon a different ground than that stated in the opinion of the Supreme Court, and this makes it unnecessary for us to interpret the meaning of the words "rental" or "livery" as they appear in the policy.

We think it quite clear that the truck in question was at the time of the accident towing a trailer not insured by the defendant company, or any other company, and that this was in direct violation of the terms of the policy.

It is argued by the plaintiff that the policy must be construed most strongly against the defendant insurance company because of its ambiguity about trailers; that section V.A. above quoted, that a trailer and the motor vehicle to which it is attached shall be considered together as one automobile, nullifies the provision in section IV, *supra,* as to towing a trailer not insured by the company.

We find no merit in this argument.

We have already cited section V.A. of the policy to the effect that the word "automobile" means only a motor vehicle or trailer with reference to which the insurance under the policy is provided. This unquestionably means that the policy would cover an automobile and trailer only if the automobile and trailer are described in the coverage; or the trailer alone is so designated. But when the coverage, as in the instant case, describes only the automobile and the assured attaches a trailer to the automobile thus insured, the policy is ineffective while the automobile is operating under these conditions.

Applying the well known rules of construction to the case

before us as set forth in *United States Fidelity and Guaranty Co.* v. *Guenther,* 281 *U. S.* 34; 74 *L. Ed.* 683; *Jaison et al.* v. *Preferred Accident Insurance Company of New York,* 113 *N. J. L.* 108; *Runyon* v. *Monarch Accident Insurance Co.,* 108 *Id.* 489, and numerous other cases, and reading the general clauses of the policy with the specific clauses, we are of the opinion that there is no conflict among the provisions thereof concerning the inhibition against the insured automobile towing an uninsured trailer.

The plain and evident purpose of the clause was to prevent the company from being held liable for any accident occurring while the insured truck was being used "for towing a trailer not insured by the company."

Respondent also insists that the truck involved in the accident was not principally garaged and used in accordance with the declaration contained in the policy and that for that reason also the "accident" was not covered by the policy.

This question we also deem unnecessary to pass upon as the view expressed above is dispositive of the case.

The judgment of the Supreme Court, reversing the judgment of the District Court is affirmed, for the reasons hereinbefore stated.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.