**MARYLAND CASUALTY CO. v. AGUAYO et al.**

**No. B-28.**

District Court, S. D. California, S. D. Oct. 4, 1939.

562

Harry W. Horton, of El Centro, Cal., for plaintiff.

W. I. Wilson, of Brawley, Cal., for defendant Joe Aguayo.

M. C. Atchison, of Beverly Hills, Cal., for defendant J. F. Mahan.

Hickcox & Provence, of Brawley, Cal., for defendant Ernesto Padilla.

JENNEY, District Judge.

This case has been submitted on the pleadings and a stipulation of facts. The complaint, after alleging the jurisdictional facts, avers that on July 30, 1937, plaintiff issued a policy of insurance to defendant Aguayo, covering a Dodge truck, to be used for commercial purposes, as defined in the policy. The complaint shows the injury of defendant Padilla during the life of the policy, which injury is claimed to have been sustained as a direct and proximate result of the negligent operation of the Dodge truck and a trailer attached thereto. It is alleged in the complaint that Padilla is threatening to file suit against Aguayo and other defendants for damages; that plaintiff denies liability under the policy, claiming that under the facts, the accident is excluded from coverage by the express terms of the policy. Plaintiff then asks for a declaration of its rights and duties with respect to said policy and generally with respect to the legal relations of the parties.

Subsequent to the filing of the complaint, suit was filed by Padilla against defendant Aguayo and other defendants in the Superior Court of the State of California in and for the County of Imperial. Upon application therefor, an injunction was issued out of this court, staying the proceedings in the state court suit, pending final determination of the issues here.

The policy in question contains an exclusion clause as follows: "This policy does not apply (a) * * * (b) While the automobile is used for the towing of any trailer not covered by like insurance in the company; * * *"

Some of the defendants have filed a motion to dismiss on the ground that the court has no power to render a declaratory judgment. The motion is denied. It is the opinion of the court that the complaint states a cause of action for declaratory relief. Associated Indemnity Corp. v. Manning, 9 Cir., 92 F.2d 168; American Motorists Ins. Co. v. Busch, D.C., 22 F.Supp. 72; Ohlinger's Federal Practice, Vol. 3, page 761; Moore's Federal Practice, pg. 3202, et seq., pg. 3208 et seq.

The principle of law that where an ambiguity exists, a policy should be construed most strictly against the insurance company which writes the same, is so fundamental that it requires no citation of authority. That principle is, however, applicable only where there is an ambiguity. In this case the policy expressly excludes a "trailer" and provides that the word

trailer "shall include semitrailer". It is also a fundamental rule of law that the language of an insurance policy is to be accorded its ordinary and usual significance, having in mind the circumstances under which the words are used, the purpose of the contract, and the general situation which brought the contract into existence. The policy here in question was issued in California, to a resident of California, who was engaged in business in California; and it covered a vehicle which the insurer presumably knew was to be used in connection with that business. In reaching a determination of what the parties to the policy meant by the terms used therein, what is more natural than to turn to the Vehicle Code of California, St.Cal. 1935, p. 93, for a definition? This is particularly true where such an unfamiliar term as "semitrailer" is being used. And it is significant that only trailers and semitrailers are excluded from coverage in the policy. Other vehicles and equipment which are customarily towed behind automobiles—and which are specifically defined in the Vehicle Code—are not so excluded.

The Vehicle Code of the State of California, in effect when the policy was issued, defines "trailer" and "semitrailer" in sections 36 and 37, as follows:

Sec. 36. "A 'trailer' is a vehicle without motive power designed for carrying persons or property on its own structure and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle."

Sec. 37. "A 'semitrailer' is a vehicle without motive power designed for carrying persons or property and having one or more axles and two or more wheels, used in conjunction with a motor vehicle and so constructed that some part of its weight and that of its load rests upon, or is carried by, another vehicle. A tractor, not designed to carry an independent load, and a semitrailer permanently joined to the tractor, is one vehicle."

The Vehicle Code then goes on, in Section 38 and 39, respectively, to describe "Pole or Pipe Dolly" and "Special Mobile Equipment".

Special Mobile Equipment is defined as "a vehicle, not self-propelled, not designed or used primarily for the transportation of persons or property, and only incidentally operated or moved over a highway * * *".

The stipulation of facts shows that, at the time of the accident in question, a concrete mixer was or had been attached to the insured truck. The stipulation states that the defendant Joe Aguayo was engaged in and was conducting a general contracting business and "that during all of said times owned and operated in said business a one and one-half ton Dodge dump truck, and in said business also owned for his own use in said business and for the purpose of renting out to his customers in said business a certain concrete mixer, which at all times herein mentioned was built and fastened to a frame which was placed upon low axles and small wheels for convenience in moving the same short distances and properly placing said mixer on jobs, and for said purpose said concrete mixer had a tongue for use in attaching the said concrete mixer to trucks or other power used in the placing of said concrete mixer on jobs."

The stipulation then goes on to state that the defendant Aguayo or his agent "moved said concrete mixer from the place of business of the defendant Joe Aguayo a distance of about two blocks to the said premises of the defendant J. F. Mahan; that for the purpose of so delivering said concrete mixer was attached to said truck; that while said truck was on the premises of said J. F. Mahan and while said concrete mixer was attached thereto and before the removal of the same, the defendant Ernesto Padilla sustained an injury to his left hand by reason of the falling of the end-gate of said truck, mashing his said left hand between the side of the body of said truck and the end-gate of said truck as said end-gate fell."

The stipulation then states that true pictures of said truck "in the condition that the same was in at and immediately before said accident and injury involved" are attached. Also that true pictures of said concrete mixer "in the condition that the same was in at the time of the injury involved" are attached. The pictures attached show clearly the stationary condition of both the truck and the concrete mixer, and the fact that the concrete mixer was clearly not designed for the transportation of persons or property over a highway.

In writing the insurance policy the insurance carrier was careful to exclude from coverage "a trailer" and "a semitrailer". It evidently had not included

within the premium charged the risk of hauling a trailer or a semitrailer and therefore excluded those two items which are defined in the California Vehicle Code. It should be noted, however, that it did not expressly exclude a "Pole or Pipe Dolly" or "Special Mobile Equipment" which are also defined in the Vehicle Code. It may be that the insurance company felt willing to assume these risks in order to get the business in a competitive field. Whatever its reasons may have been, the fact remains that its exclusionary clause embraced two items, but did not mention the others. Expressio unius est exclusio alterius.

It is the opinion of this court that the concrete mixer described in the Stipulation of Facts is not a "trailer" or a "semitrailer" within the meaning of the exclusionary clause of the policy. It is therefore not excluded.

Cases mainly relied upon by counsel for plaintiff, such as Coolidge v. Standard Accident Ins. Co., 114 Cal.App. 716, 300 P. 885, and Conner v. Union Automobile Ins. Co., 122 Cal.App. 105, 9 P.2d 863, are easily distinguishable. In the Coolidge case [114 Cal.App. 716, 300 P. 886] the exclusion covered accidents while the insured automobile was "used for towing or propelling trailers or other vehicles used as trailers." The evidence was uncontradicted that the accident occurred while the insured automobile was being driven along a highway and that it was towing a trailer loaded with sheep. In the Conner case [122 Cal.App. 105, 9 P.2d 864] the wording of the exclusion was, "while the automobile * * * is operated, maintained or used * * * for towing or propelling any trailer, vehicle or implement."

It seems, however, unnecessary in the instant case to rely entirely upon the meaning of the words "trailer" or "semitrailer" as used in the policy. It will be observed that the policy excludes liability "while the automobile *is used for the towing* of any trailer." (Italics ours) The stipulation of facts shows clearly that the insured truck and the concrete mixer had arrived at their destination. The concrete mixer had been delivered and was no longer being towed at the time of the injury here involved. The word "towing" signifies movement. As defined in Webster's New International Dictionary: "to tow" means "to pull", "to drag", "to draw", "to pull about", "to drag or take along with one". It is clear from the stipulated facts that at the time of the accident no towing was taking place, within the meaning of the policy.

The insurance company must be held strictly to its contract. Manifestly, had it desired so to do, it could easily have had its policy read: "This policy does not apply while the automobile is used for the towing of any trailer, semitrailer, special mobile equipment, or other vehicle or equipment, or while the automobile is in any way attached thereto or connected therewith."

Judgment for the defendants. The injunction heretofore issued on the 9th day of January, 1939, by United States District Judge H. A. Hollzer, my colleague, who heard the application for injunction, is hereby dissolved. The obligations of plaintiff under the policy are as herein indicated.

It is so ordered.