

Chandler Lloyd and Dallas C. Biggers, both of Dallas, Tex., for plaintiff.

Kennemer & Armstrong, of Dallas, Tex., for defendant.

ATWELL, District Judge.

All of the facts are stipulated except whether the plaintiff's leg was injured by striking the auto, or, the implement that was attached to the back of it. I find that his injury resulted from striking the auto.

The accident occurred in 1935. The plaintiff was sitting on the bed of a flat-bedded truck en route to his work. Mason, who was operating an auto with a two-wheeled vehicle attached to the back of it, had stopped on the pavement and was headed in the same direction that the truck was going which carried the plaintiff. It was just after dark. Mason was out of his automobile, leaving no one in it, or in the attached vehicle. He had gone across the road and forward, somewhat, to ascertain if there was anybody in a wreck which had occurred near there, whom he might assist. While his car was at rest for this short time, the truck carrying the plaintiff ran so close to Mason's auto that plaintiff was injured by striking it. He brought suit in the state court. Mason's insurer refused to defend. Judgment was rendered against Mason for $3,500. Plaintiff now sues on that judgment.

## CROSS v. MARYLAND CASUALTY CO.

### No. 171.

District Court, N. D. Texas, Dallas Division.

Jan. 22, 1940.

■ The policy which the defendant issued to Mason had a provision stating that, "This policy does not cover an automobile while it is being used for towing or propelling any trailer or any vehicle used as a trailer." In the last paragraph of the same part of the contract is this language, "Nor in any event, unless proper premium for such privilege is in the statement set forth, nor in any event shall coverage apply to any trailer hereunder, while such trailer is being used in connection with any automobile not insured by the company, for the insured named in the policy."

It is noted that the two paragraphs are different. One uses the word "used," and the other the phrase, "in connection." The first, which is applicable to this case, has the phrase, "while it is being used for towing or propelling." Neither employs the word, "attached."

It must be granted that the question is difficult, but I am unable to find in the word "towing," or the word "propelling," any meaning which justifies inaction—or, at rest. They are both active, and mean movement—motion.

A man sitting in a row-boat, quietly at the que, would not be said to be rowing; he is sitting. Where he is sitting is immaterial. It does not change the fact that he is simply sitting. A runner who is out on the race-track, stripped for his race, and is in his running regalia, but who has not yet started, cannot be said to be running. A race-horse in the paddock, with his mount up, and standing still, may not be said to be running. And running, I do not think, is any more sui generis, than is towing. We see a tug in the river, attached to barges, and at rest at the dock. We say the tug has towed the barges, or is ready to tow them.

■ If the import is uncertain, or is reasonably susceptible to a double construction, then the construction will be strict against the insurer. A liberality in construction, under that situation, is enjoyed by the insured.

Counsel have also presented the thought, that since the vehicle which was attached to the automobile was not a "trailer" within the meaning of the Texas statute, which defines "trailer," but is rather a semitrailer, then, also, such construction favors the plaintiff.

■ Loosely, that which is attached to an automobile and follows it is a trailer. It trails it. That is the academic meaning of the word. It trails something, and is subordinate to that something. But, if the Texas statute defines a trailer to have an independent body with four wheels, carrying its own load, and if it defines a semitrailer as a vehicle with two wheels, a part of whose load rests upon the auto to which it is attached, then there is a legislative difference in the definition between "trailer" and "semitrailer," and that definition must control. Vernon's Ann. Civ.St.Tex. art. 6675a—1.

The stipulation in this case shows a semitrailer. It had two wheels and a long steel body attached to the rear of the automobile by a cup cap over a ball. No load could be placed in either the front of the bed or the back of the bed, without requiring assistance from the auto to which it was attached. If the load were placed immediately over the two wheels, then none of its weight would probably rest upon the pulling car.

Counsel have gathered a few cases which are, while not directly in point, more or less persuasive in support of their respective positions. The plaintiff claims that those cited by the defendant have little differences of facts which make them inapplicable, but I give all of them and believe that taken altogether they tend to support the position I have taken. National Surety Company v. Chalkley, Tex.Civ.App., 260 S.W. 216; American Indemnity Co. v. Mexia Independent School Dist., Tex. Civ.App., 47 S.W.2d 682; Quality Dairy Co. v. Fort Dearborn Casualty Underwriters, Mo.App., 16 S.W.2d 613; Maryland Casualty Co. v. Aguayo, D.C., 29 F. Supp. 561; Poole v. Travelers Insurance Co., 130 Fla. 806, 179 So. 138; Marx v. United States Fidelity & Guaranty Co., 118 N.J.L. 262, 191 A. 789; Littlefield v. Phoenix Indemnity Insurance Co., 86 N. H. 87, 163 A. 420; Coolidge v. Standard Accident Ins. Co., 114 Cal.App. 716, 300 P. 885; Waddey v. Maryland Casualty Co., 171 Tenn. 112, 100 S.W.2d 984, 109 A.L.R. 654; Pennsylvania Indemnity Corp. v. Kurtz, 167 Md. 38, 172 A. 607; United States Fidelity & Guaranty Co. v. Bachmann, 256 App.Div. 1042, 10 N.Y.S.2d 704; Liberty Mutual Insurance Co. v. McDonald, 6 Cir., 97 F.2d 497; Maryland Casualty Co. v. Adams, 159 Miss. 88, 131 So. 544.

The defendant insists that the demand for literalness must be followed by consistency in order to prevail, and suggests that if towing conveys only the idea of motion, then it must be restricted to the act of pulling, or dragging, and, what then would happen, asks the defendant, if the auto should be "backed with the vehicle attached to the rear." We need not abandon consistency by saying that the vehicle would then be "propelled," within the meaning of the identical word of the exempting provision. It provides for towing, or propelling. Propelling would describe what is happening to the vehicle if the auto to which it is attached in the rear actually backs instead of going forward. Or, if it be in front of the auto, it would then be propelled. When the auto moves forward, the vehicle is towed, if it is in the rear.

I think judgment should go for the plaintiff, and it is so ordered.