## MARYLAND CASUALTY CO. v. CROSS.
### No. 9445.

Circuit Court of Appeals, Fifth Circuit.
May 29, 1940.

Rehearing Denied July 8, 1940.

---

McCORD, Circuit Judge, dissenting.

C. E. Kennemer, Jr., and Hoyet Armstrong, both of Dallas, Tex., for appellant.

Chandler Lloyd and Dallas C. Biggers, both of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

John Cross, riding on a truck, struck his leg against the automobile of Kenneth E. Mason, which was standing in the twilight on the edge of the highway. Cross recovered a judgment for damages against Mason and then sued Maryland Casualty Company which had insured Mason against liability touching his automobile. The policy, however, provides: "Exclusions: This policy does not cover * * * (4) While the said automobile or automobiles are * * * (e) being used for towing or propelling any trailer or any vehicle used as a trailer * * * unless privilege for such use is specified in the statements and/or unless such trailer is listed in the statements, nor in any event unless proper premium for such privilege is in the statements set forth." There was nothing in the statements about a trailer or a premium paid in respect of it. Mason did have at the time Cross was hurt a two

wheeled vehicle attached to the rear of his automobile, in which he was carrying his tools and materials along the highway from Kilgore to Longview, Texas. Mason saw a freshly wrecked automobile on the side of the road and stopped his car on the right side of the highway and got out to see if assistance was needed. While his vehicles were thus standing Cross was hurt, his leg striking the automobile. Mason afterward drove on to Longview.

The trial judge, a jury being waived, was impressed that the words "towing" and "propelled" connote motion, and that the insured automobile was not used in towing or propelling the trailer while standing still, so that it was covered by the policy; and he gave judgment against the insurer. There is made also a question whether the attached vehicle was a "trailer" or "used as a trailer," inasmuch as it had but two wheels and part of the weight of its load rested probably on the rear of the automobile.

■■■ The latter contention rests on the definition of a trailer in the Texas statute providing for the registration of motor vehicles and fees therefor, Vernon's Ann. Civ.St.Tex. Art. 6675a—1 et seq. For the purposes of that Act a trailer is defined as "a vehicle designed and used to carry its load wholly on its own structure and to be drawn by a motor vehicle," while a " 'semi-trailer' means vehicles of the trailer type so designed or used in conjunction with a motor vehicle that some part of its own weight and that of its load rests upon or is carried by another vehicle." We do not think this classification for the purpose of registration fees throws much light on the meaning of this insurance policy. In common speech trailer covers both classes. Certainly that form of vehicle which the statute calls a semi-trailer, a term not used in common speech, is within the policy words "or vehicle used as a trailer." The exclusion clause suspended the insurance while the automobile was "used for towing or propelling" this two wheeled vehicle.

■■■ It is true the trailer—the witnesses and the judge all call it that—was not moving, and so not being towed or propelled at the instant of the accident to Cross. We do not think the insurance goes off and on whenever, during a towing enterprise, the automobile stops or starts. So literal a reading would affect the insurance if brakes were applied going down a hill, because the automobile would not then be towing or propelling, but stopping the trailer. The same sentence of the policy excludes insurance while the automobile is "being used for * * * the carrying of passengers for a consideration." If Mason should start on a trip with such passengers it seems fantastic to us to say that each time he stopped for them to drink, or to fix a tire, or for a traffic light, the automobile would no longer be "carrying" them. The fair and practical construction is that when Mason attached the trailer to his automobile and started towing it to Longview he waived his insurance for the trip, for he was using the automobile for towing a trailer. A casual stop on the way without leaving the highway or detaching the trailer would not be a cessation of the use which would restore the insurance. See United States F. & G. Co. v. Bachmann, 256 App.Div. 1042, 10 N.Y.S.2d 704. Pennsylvania Ind. Co. v. Kurtz, 167 Md. 38, 172 A. 607, deals with the starting of the use. The use was held ended when the journey was accomplished in Maryland Casualty Co. v. Aguayo, D.C., 29 F.Supp. 561. A railroad car put on a sidetrack for repair to its coupler before delivery to consignee was held to be one "hauled or used on its (the carrier's) line in moving interstate commerce," the trip not having been fully accomplished, in Delk v. St. L. & San Fran. R. Co., 220 U.S. 580, 31 S.Ct. 617, 55 L.Ed. 590.

■ That Cross' leg struck not the trailer but the automobile fender is of no consequence. By a valid policy provision the insurance was wholly suspended while the automobile was being used for towing the trailer. Coolidge v. Standard Acc. Ins. Co., 114 Cal.App. 716, 300 P. 885.

The judgment is reversed with instruction to enter judgment for the appellant.

McCORD, Circuit Judge (dissenting).

I agree that the vehicle attached to the automobile was a trailer within the meaning of the exclusion clause of the policy, and I agree that stopping for a signal light or putting on brakes would not reinstate coverage. In this case, however, the driver of the automobile had pulled over to the side of the road and parked. The motor was cut off and no one was in the car at the time of the accident. The automobile was not being used for "towing or pro-

"pelling" a trailer at the time the accident occurred.

I think the judgment of the District Court should be affirmed.