[Civ. No. 9610.   Third Dist.   Dec. 14, 1959.]

MARCIA JEANNE ALLEN, a Minor, etc., Respondent, v. PARADISE GRANGE NO. 490, INC. (a Corporation), Appellant.

Edward A. Friend for Appellant.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Respondent.

SCHOTTKY, J.—This is an appeal by defendant above named from an order granting plaintiff's motion for a new trial.

This is the second time this case has been brought before this court on appeal. The former appeal was from a judgment entered on a jury verdict in favor of plaintiff for personal injuries and from an order denying defendant's motion for judgment notwithstanding verdict. By its decision, dated April 8, 1958 (*Allen* v. *Paradise Grange No. 490, Inc.*, 159 Cal.App.2d 247 [323 P.2d 468]), this court held that the Grange, the lessor of the property, was not responsible for injuries to Marcia Jeanne Allen allegedly sustained when she fell from a porch which did not have a protective railing. The basis of the decision was that the plaintiff as the daughter of one of the members of the private club which had rented the premises was not owed any duty of care by the lessor as to obvious defects and hence the lessor was not liable for her injuries, and the opinion concluded that "The order denying defendant's motion for judgment notwithstanding the verdict and the judgment are reversed and the trial court is ordered to enter judgment for the defendant with costs."

On June 10, 1958, the remittitur was filed in the trial court. On June 11, 1958, counsel for Marcia Jeanne Allen served by mail a notice of intention to move for a new trial. This notice was filed on June 12, 1958. On June 17, 1958, the court entered judgment in favor of the Paradise Grange in accordance with the instructions contained in the opinion of this court. That judgment was prepared by counsel for defendant and sent to the trial judge for his signature. On June 23, 1958, a second notice of intention to move for a new trial was filed. This was supported by an affidavit by counsel. The motion for a new trial was granted on August 22, 1958, and this appeal followed.

Appellant makes two major contentions. The first is that the order granting a new trial is a nullity because it was entered after the expiration of the 60-day period after the filing of notice of intention to move for a new trial. The answer to this question will depend upon when the judgment is deemed to have been entered in the trial court. If the judgment was not entered until June 17, 1958 (the date the court entered the judgment prepared by counsel for defend-

ant), the first notice of motion was premature and a nullity. (*Crillo* v. *Curtola*, 91 Cal.App.2d 263 [204 P.2d 941] ; *Tabor* v. *Superior Court*, 28 Cal.2d 505 [170 P.2d 667].) In *Young* v. *Hampton*, 36 Cal.2d 799 [228 P.2d 1, 19 A.L.R.2d 830], a judgment in favor of the plaintiff was reversed with directions to the trial court to enter judgment denying plaintiff relief upon the cost-plus contract and denying the Hamptons any recovery for rent. Thereafter the Hamptons brought an action in part in mandamus to compel the superior court to enter judgment in accordance with the instructions in the remittitur. On this point the Supreme Court said (*Hampton* v. *Superior Court*, 38 Cal.2d 652 [242 P.2d 1]), at page 654: "By section 958 of the Code of Civil Procedure, the duties of the clerk of the superior court upon the receipt of a remittitur are defined as follows: 'When judgment is rendered upon the appeal, it must be certified by the clerk of the appellate court to the clerk with whom the judgment roll is filed, or the order appealed from is entered. In cases of appeal from the judgment, the clerk with whom the roll is filed must attach the certificate to the judgment roll and enter a minute of the judgment of the appellate court in the register of actions. . . .' Upon entry of the minute of the judgment in the register of actions, the judgment is of record and no further action by the superior court is necessary. [Citations.] The petitioners allege that the remittitur was received by the clerk of the superior court, and it must be presumed that he complied with the provisions of the quoted code section. [Citation.] No further entry of judgment is required for the protection of the rights of either party. . . ."

In view of the provisions of section 958 of the Code of Civil Procedure, as construed by our Supreme Court, we believe that it must be held that when the remittitur in the former appeal was filed with the clerk of the superior court on June 10, 1958, and the clerk made an entry of the filing of the remittitur on the register of actions and attached the remittitur to the judgment roll, judgment was thereupon deemed to have been entered in favor of defendant. Consequently, when on June 12, 1958, plaintiff's motion for a new trial was filed, it was not premature as contended by appellant. Respondent states that her first notice of intention to move for a new trial was inadvertently filed before the judgment was entered by appellant, and she then filed her second notice, relying on appellant's conduct in filing its judgment.

While the filing of a formal judgment by appellant on June

17, 1958, and the giving of notice to respondent of the entry thereof, may have misled counsel for respondent, the entry of said formal judgment could not change the fact that judgment had already been entered in favor of appellant upon the filing of the remittitur on June 10, 1958. Respondent was aware of the filing of the remittitur and hastened to file her notice of intention to move for a new trial on June 12, 1958. The subsequent filing of another notice of intention to move for a new trial on June 23, 1958, must be regarded as a nullity, and the 60-day period during which the court must pass on the motion for a new trial began on June 12, 1958.

Section 660 of the Code of Civil Procedure is clear concerning the time provisions for hearing and determining a motion for new trial. It provides in part as follows:

"Except as otherwise provided in section 12a of this code, the power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then sixty (60) days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of sixty (60) days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court."

The order granting respondent's motion for a new trial was filed on August 22, 1958, which was more than 60 days after the filing of the notice of intention, and the court was therefore without power to make such order on that date; and its order granting the motion for a new trial was beyond its jurisdiction and void. (*Voinich* v. *Poe*, 52 Cal.App. 597 [199 P. 74]; *Vicino* v. *Amador*, 71 Cal.App. 604 [236 P. 369]; *Conner* v. *Union Automobile Ins. Co.*, 122 Cal.App. 105 [9 P.2d 863]; *Hinrichs* v. *Maloney*, 169 Cal.App.2d 544 [337 P.2d 471].)

Appellant makes the further contention that "Even if the order granting the new trial had been timely, it should be reversed because it violates the law of this case as enunciated by this court." In view of our conclusion that the order must be reversed because the time had expired in which the court could pass upon it, we deem it unnecessary to discuss this contention.

The order is reversed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.