No. A-CV-16-81

## COURT OF APPEALS OF THE NAVAJO NATION

April 27, 1983

Tom Alex YAZZIE, Appellant,

vs.

Annie Lane YAZZIE, Appellee.

Appeal from the District Court for the District of Tuba City, the Honorable Robert B. Walters presiding.

This is an appeal from a default divorce judgment entered by the District Court on April 14, 1981. The judgment recites that the case came on for trial on April 9th with the plaintiff being absent but represented by counsel. It also recites that the parties had been served with a Notice of Hearing and the default of the plaintiff was entered due to his failure to appear.

The file on appeal in this case does not show that a motion for reconsideration was brought before the district court, and there is no indication in the appeal papers that any request for relief from the default judgment was made.

The appellant complains that although on March 31, 1981 a Notice of Hearing for a hearing to be held on April 9th was sent by his counsel, he (the appellant) did not receive the notice until April 14, 1981 and that it was received opened. In argument the appellant says that the postal mail was handled poorly by the Trading Post and that the plaintiff's mail was mistakenly taken by someone and not returned until after the trial date. The appellant contends the service by mail was not proper.

The file in this matter shows that the court gave notice of the April 9th hearing on March 26, 1981 by delivering a copy of the Notice of Hearing to "Mr. George thru Office box." Obviously the appellant's attorney received the notice.

The appellant argues that 7 NTC Sec. 604, which provides that notice of suits must be given with an ample opportunity to appear, and that statute requires reasonable notice. While the statute was obviously intended to regulate the initial service of process giving notice of suit, it is arguable that it can also include reasonable notice of every cruicial state of the proceedings. The Clerk of court complied with the statute, and there is no cause to fault thirteen days notice, exclusive of the service day and the day of hearing. The trial court had jurisdiction because of the reasonable date and period of time of the actual notice

and because service of notice upon counsel is sufficient.  Conner v. Union Automobile Ins. Co., 9 P.2d 863, 864 (Cal. App. 1932).  The court finds that as far as the jurisdiction of the district court to enter a default judgment is concerned, thirteen days service by the court and eight days service (again excluding the mailing and hearing date) are reasonable, and the court finds no probable cause to find to the contrary.

In addition to the reasonableness of notice question, there is the matter of the proceedings - or lack of them - in the trial court.  There is no evidence before this court that the appellant attempted to have the default judgment overturned.  It would appear that counsel was present for the April 9th hearing, and there is no assignment of error that counsel asked the court to set aside the default.  It is a basic rule that in situations such as this where a party wishes to contest the validity of service of notice, he or she must appear and ask that the service be set aside.  45 Am.Jur.2d, Motions, Rules and Orders Sec. 17.  Therefore this court will not act unless the trial court has been asked to review a alleged error.

There is no recitation by the appellant that he made a motion for reconsideration before the district court, and it is a jurisdictional rule of this court that "No appeal shall be heard unless the appellant has filed a Motion for Reconsideration with the District Court . . . ."  R.5(d), Rules of Appellate Procedure.  Therefore this court has no jurisdiction over this appeal.

For the three grounds assigned in this opinion, the above-captioned appeal is hereby DISMISSED.